CATHARINE DIEFENDORF, Respondent, *v.* MARIAH DIEFENDORF et al., Appellants.

In an action under the Code of Civil Procedure (§§ 1638, 1639) to determine conflicting claims to real property, plaintiff claimed title under a deed from D., her deceased husband; defendants claimed as his heirs at law. Plaintiff's evidence was to the effect that D., a few days before his death, sent for one A., asked him to draw a deed of his property to his wife, giving to him an old deed of the premises in question, and stating that he wished to give to her all of his property, real and personal, in consideration of $3,000 she had paid to him, and other considerations. A. drew the deed, which was executed and acknowledged by D., a notary being in attendance at his request to take the acknowledgment. D. then delivered it to A., with instructions to retain it for his wife until after his death, and then have it recorded. *Held*, that the transaction was not an attempted testamentary disposition of property, but a gift by deed; that to perfect the gift it was not essential that the delivery should have been to plaintiff, but the delivery to A. for her use was sufficient, and upon such delivery the title passed to plaintiff.

The period between the date of the deed and the commencement of the action was less than three years; her husband had been in possession for, many years. Defendants moved to dismiss the complaint on the ground that plaintiff had not been in possession for three years, as required by the Code (§ 1638). *Held*, that the motion was properly denied, as she and the one whose estate she had, had been in possession for the three years, which was all that was requisite; that it was not essential that the possession for that period should have been adverse to defendants' claim.

The property was a village lot, mostly covered by a building, the first floor of which was used for stores. Plaintiff occupied two floors, and the rest of the building was rented to tenants, who paid the rent to her. *Held*, that this constituted such actual possession as authorized plaintiff to bring the action.

(Argued February 2, 1892; decided March 8, 1892.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made February 4, 1890, which reversed a judgment in favor of defendants entered upon a decision of the court on trial without a jury and granted a new trial.

The complaint alleged that plaintiff was in possession of real property under a claim of title by deed from her deceased husband and that defendants claimed the land as heirs at law of her husband. It demanded a judgment barring said defendants from any estate in said property, and that plaintiff's title be quieted and adjudged to be free from any right therein of the defendants.

The answer denied plaintiff's possession and alleged that John Deifendorf, plaintiff's husband, was seized of the property at the time of his death, and died intestate leaving plaintiff as his widow and defendants as his heirs at law.

The defendants introduced no evidence upon the trial. It appeared that John Deifendorf, a few days before his death, being sick, sent for one Douglass Ayres, a physician, and a son of his attending physician, and asked him if he would draw a deed of his property and gave him an old deed containing the description of the property in suit. He told Doctor Ayres that he wished to give all his property to his wife, real and

personal, and stated to him what it was. That it was to be in consideration of three thousand dollars that she had paid to him and other considerations. Doctor Ayres drew the paper which is the subject of this controversy and it was executed by Deifendorf and delivered to the doctor, with instructions to retain it for his wife until after his death and then have it recorded. After his death it was recorded.

The Special Term found this paper not to have been a deed but an attempted testamentary disposition of the property and that Deifendorf died intestate and that defendants were entitled to the property subject to the plaintiff's dower therein. The General Term reversed the judgment upon the law and facts and granted a new trial. From that order defendants appealed to this court.

*E. Countryman* for appellants. Both of the courts below erred in holding that the defendants were not entitled to a ruling dismissing the complaint upon the ground that the plaintiff was not shown to have been in actual possession of the premises for three years before the commencement of the action. (Code Civ. Pro. §§ 1638, 1639, 1642; *Pearce* v. *Moore,* 114 N. Y. 256; *Churchill* v. *Onderdonk,* 59 id. 134; *Boylston* v. *Wheeler,* 61 id. 521; *Van Wagener* v. *Botsford,* 13 Wkly. Dig. 381; *Benson* v. *Townsend,* 26 N. Y. S. R. 644, 647; *Cleveland* v. *Crawford,* 7 Hun, 616; *Onderdonk* v. *Mott,* 34 Barb. 106; *Stevens Case,* 84 N. Y. 296, 304, 305; *P. Bank* v. *Mitchell,* 73 id. 406, 415; *Arnold* v. *Angell,* 62 id. 508, 512; *McMichael* v. *Kilmer,* 76 id. 36; *R. E. Bank* v. *Eames,* 4 Abb. Ct. App. Dec. 83; *Barnes* v. *Quigley,* 59 N. Y. 265; *Sanford* v. *Bennett,* 24 id. 20; *Benton* v. *Wickwire,* 54 id. 226; *Goillotel Case,* 87 id. 441; *People* v. *Supervisors,* 43 id. 130; *In re Miller,* 110 N. Y. 216; *Ely* v. *Holton,* 15 id. 595, 596; *People* v. *Supervisors,* 67 id. 109; *In re Peugnet,* Id. 441; *Craig* v. *Andes,* 93 id. 406, 417; *Sayre* v. *Wisner,* 8 Wend. 661; *Quackenbush* v. *Danks,* 1 Den. 128; *Dash* v. *Van Kleeck,* 7 Johns. 478; *People* v. *Ryder,* 124 N. Y. 500; *Van Horn Case,* 57 id. 473.) Upon

the new theory of the action adopted on the trial, no case was made for relief in equity. (*Bailey* v. *Southwick*, 6 Lans. 356, 363–366; *Bailey* v. *Briggs*, 56 N. Y. 407, 415, 416; *Schroeder* v. *Gurney*, 10 Hun, 413; 73 N. Y. 430; *Ward* v. *Dewey*, 16 id. 519, 522; *Marsh Case*, 59 id. 280; *Washburn* v. *Burnham*, 63 id. 132; *Townsend Case*, 77 id. 542.) The General Term was not justified in reversing the decision of the trial judge upon any of the material issues of fact. To justify a reversal upon the facts by the General Term, it must appear that the findings were against the weight of evidence, or that the proofs so clearly preponderated in favor of a contrary result that it can be said, with a reasonable degree of certainty, that the trial court erred in its conclusions. (*Lowery* v. *Erskine*, 113 N. Y. 52, 55; *Baird Case*, 96 id. 567, 577.) It was a question of fact upon the evidence whether the paper was intended to operate as a deed or as a testamentary disposition, and whether it was delivered as a deed in any manner to the grantee; and the findings of the trial court should, therefore, be maintained. (*Crain* v. *Wright*, 36 Hun, 74, 77; 114 N. Y. 307.) It was indispensable to the validity of the instrument as a deed that it was in fact delivered at the time " with the intent that it should take effect as a present conveyance of the land." (*Crain* v. *Wright*, 114 N. Y. 307, 311, 312; *Wellborn* v. *Weaver*, 17 Ga. 267; *Fisher* v. *Hall*, 41 N. Y. 416, 420; *Best* v. *Brown*, 25 Hun, 223; *Rousseau* v. *Blair*, 60 id. 259, 266; *Smith* v. *Hathorn*, 25 id. 159; *Scattergood* v. *Wood*, 14 id. 269; *Stilwell* v. *Hubbard*, 20 Wend. 44; *Williams* v. *Schatz*, 42 Ohio St. 47; *Brown* v. *Brown*, 66 Me. 316; *Prutsman* v. *Baker*, 30 Wis. 644; *Anderson Case*, 126 Ind. 62; *Hale* v. *Joslin*, 134 Mass. 310; *Porter* v. *Woodhouse*, 59 Conn. 568; *Bell* v. *F. Bank*, 11 Bush. 34; *Cusack* v. *Tweedy*, 126 N. Y. 87.) The deed executed in 1885, even if it had been delivered, is void at law. (*Johnson* v. *Rogers*, 35 Hun, 267; Laws of 1887, chap. 537; *Beard* v. *Beard*, 3 Atk. 72; *Shepard* v. *Shepard*, 7 Johns. Ch. 122; *Hunt* v. *Johnson*, 44 N. Y. 27; *Whitaker* v. *Whitaker*, 52 id. 368.)

*N. C. Moak* for respondent. The General Term having reversed the judgment upon the trial upon questions of fact, the facts are to be reviewed here and to be determined by this court. (Code Civ. Pro. § 1338; *Van Wyck* v. *Watts*, 81 N. Y. 352; *Hubbell* v. *Meigs*, 50 id. 480; *Gurntey* v. *Miller*, 80 id. 181, 183; *National City* v. *New York*, 97 id. 645; *Ross* v. *Gleason*, 111 id. 683.) The General Term having reversed the judgment of the trial court upon the facts, this court will not reverse the General Term unless there was no evidence upon which it was authorized to determine the facts in such a way as to lead to a reversal. (*Nostrand* v. *Knight*, 124 N. Y. 618; *Shultz* v. *Hoagland*, 85 id. 464; *Godfrey* v. *Mosher*, 66 id. 250, 252.) The trial court was bound to decide the case according to the evidence. On failure to do so it was the duty of the General Term to do so. (*Plyer* v. *German*, 121 N. Y. 692; *Lomer* v. *Meeker*, 25 id. 361; *Kelly* v. *Burroughs*, 102 id. 93, 95, 96; *Watson* v. *Campbell*, 38 id. 153, 155–157; *A. Ins. Co.* v. *Aldrich*, 26 id. 22.) The trial court erred in finding that there was no consideration paid by plaintiff or received by John Diefendorf as consideration for the deed, either before or after the deed. (*Jackson* v. *McChesney*, 7 Cow. 361; *Hauxhurst* v. *Ritch*, 119 N. Y. 621; *Cushman* v. *Henry*, 75 id. 103; *Hand* v. *Kennedy*, 83 id. 149.) The trial court erred in refusing to find that plaintiff took and held possession of said premises as owner thereof. (*Landon* v. *Townsend*, 41 N. Y. S. R. 419, 424, 425.) Though a deed from husband to wife is void in law it is valid in equity if founded on good and valid consideration. (*Hunt* v. *Johnson*, 44 N. Y. 27; *Tallinger* v. *Mandeville*, 113 id. 432; *Dygert* v. *Remerschnider*, 32 id. 629; *Townsend* v. *Townsend*, 1 Abb. [N. C.] 81, 83; *Chadburn* v. *Gilman*, 64 N. H. 353; *Majors* v. *Everton*, 89 Ill. 56, 57; *Shepard* v. *Shepard*, 7 Johns. Ch. 57; *Kelly* v. *Campbell*, 1 Keyes, 29; *Peck* v. *Brown*, 2 Robt. 119; *Childs* v. *Connor*, 6 J. & S. 471, 474; *Phillips* v. *Wooster*, 36 N. Y. 412, 414; *Neuforth* v. *Thompson*, 3 Ed. Ch. 92; *Brockway* v. *Fleming*, 22 Wkly. Dig. 430; 37 Hun, 640; *Armitage* v. *Mace*, 96 N. Y. 538; *Shuttleworth* v. *Win-*

ter, 55 id. 629 ; *Seymour* v. *Fellows*, 12 J. & S. 124 ; 77 N. Y.
178 ; *Mack* v. *Mack*, 3 Hun, 323 ; *Crooks* v. *Crooks*, 34 Ohio
St. 610 ; *Deming* v. *Wilson*, 26 Conn. 230 ; *Jones* v. *Clifton*,
101 U. S. 225 ; *Lloyd* v. *Fulton* 91 id. 485 ; *McGregor* v.
*McGregor*, L. R. [21 Q. B. Div.] 424 ; *Dale* v. *Lincoln*, 62
id. 22 ; Story's Eq. Juris. § 1374 ; *Earl* v. *Peck*, 64 N. Y.
596, 599 ; *Darrow* v. *Walker*, 10 J. & S. 6. 10 ; *Lawrence* v.
*McCalmart*, 2 How. [U. S.] 452 ; *Miller* v. *McKenzie*, 95
N. Y. 582 ; *Cowee* v. *Connell*, 75 id. 98 ; *McCarthy* v. *Kear-
nan*, 75 Ill. 292 ; *Notbeck* v. *Wilks*, 4 Abb. Pr. 315, 317–321 ;
*Goodell* v. *Pierce*, 2 Hill, 659, 661 ; *Tooley* v. *Dibble*, 2 id.
641, 643 ; *Brown* v. *Austin*, 35 Barb. 358, 359 ; *Foster* v.
*Mansfield*, 3 Metc. 412, 414, 415 ; *Thatcher* v. *Wardens*, 37
Mich. 264 ; *Sowerby* v. *Arden*, 1 Johns. Ch. 252 ; *Bunn* v.
*Winthrow*, 1 id. 236 ; *Hathaway* v. *Payne*, 34 N. Y. 92 ;
*Crain* v. *Wright*, 36 Hun, 74, 77, 78 ; 114 N. Y. 307 ; *Ernst*
v. *Reed*, 49 Barb. 373 ; *Mitchell* v. *Ryan*, 30 Ohio St. 377 ;
*Munoz* v. *Wilson*, 111 N. Y. 295 ; *Squires* v. *Summers*, 85
Ind. 252 ; *Latham* v. *Udell*, 39 Mich. 238 ; *Wallace* v. *Ber-
dell*, 97 N. Y. 13, 24, 25 ; *Verplank* v. *Sterry*, 12 Johns. 536 ;
*Church* v. *Gilman*, 15 Wend. 556–662 ; *Lady Superior* v.
*McNamara*, 3 Barb. Ch. 375 ; 4 Kent's Comm. 529.) The
court erred in finding that the plaintiff is not the owner in fee
of the premises in question and in not finding as requested that
she was the equitable owner thereof. (*Crain* v. *Wright*, 114
N. Y. 307 ; *Carnwright* v. *Gray*, 127 id. 92, 96–104 ; 57 Hun,
518 ; Tideman on Com. Paper, § 152 ; 1 Rand. on Com. Paper,
§§ 7, 86, 88, 96, 178 ; *Kinsman* v. *Birdsall*, 2 E. D. Smith,
395 ; *Hawxhurst* v. *Ritch*, 6 N. Y. Supp. 134 ; 119 N. Y.
621, 622 ; *C. C. Bank* v. *Warden*, 6 id. 19, 28, 30 ; *Hughes*
v. *Wheeler*, 3 Cow. 77–84 ; *Rockefeller* v. *Robinson*, 17
Wend. 206, 207 ; *Smith* v. *Smith*, 2 Johns. 235 ; *Mack* v.
*Spencer*, 4 Wend. 411 ; *Smith* v. *Van Doane*, 16 id. 659 ;
*Richards* v. *Warring*, 39 Barb. 45 ; *Bruce* v. *Westcott*, 3 id.
379 ; *Burley* v. *Burnhard*, 9 N. Y. S. R. 587, 589 ; 27 Wkly.
Dig. 6 ; 45 Hun, 588 ; *In re Kimmer*, 14 N. Y. S. R. 618,
619 ; 47 Hun, 635 ; *Rowe* v. *Comley*, 11 Daly, 318, 319 ;

*Brooks* v. *Schwerin*, 54 N. Y. 343; *Pursell* v. *Fry*, 19 Hun, 595, 599; *Adams* v. *Honness*, 62 Barb. 326; *Foote* v. *Bryant*, 47 N. Y. 544; *Huston* v. *Cone*, 24 Ohio St. 11, 20, 21; *Hodges* v. *Hodges*, 9 R. I. 32; *Savage* v. *O'Neil*, 44 N. Y. 298, 301, 302; *Jaycox* v. *Caldwell*, 37 How. Pr. 240, 248; 51 N. Y. 395; *Holden* v. *Burnham*, 5 T. & C. 195; 2 Hun, 678; *Chadbourn* v. *Gilman*, 64 N. H. 313, 314; *Van Amburgh* v. *Kramer*, 16 Hun, 207; *Childs* v. *Barnum*, 11 Barb. 14; 1 Sandf. 58; *Ring* v. *Steele*, 3 Keyes, 451; 4 Abb. Ct. App. Dec. 70; *Grant* v. *Townsend*, 2 Hill, 557; *Wolcott* v. *Ronalds*, 2 Robt. 620; *Goit* v. *Nat. Prot.*, 25 Barb. 190.) Upon the facts found by the court, the plaintiff was entitled to judgment. The claim made by defendants constituted a cloud upon plaintiff's title to the premises. (*Tisdale* v. *Jones*, 38 Barb. 523; *Lounsbury* v. *Purdy*, 18 N. Y. 515; 16 Barb. 376; *Craft* v. *Merrill*, 14 N. Y. 456; *Foote* v. *Bryant*, 47 id. 545; *Bate* v. *Graham*, 11 id. 237; *Lewis* v. *Mott*, 36 id. 395; *Barlow* v. *Scott*, 24 id. 40; *Kenny* v. *Apgar*, 93 id. 539; *Baird* v. *Mayor, etc.*, 74 id. 386; *W. P. I. Co.* v. *Reymert*, 45 id. 705; *McKeon* v. *See*, 51 id. 300; *Gilchrist* v. *Comfort*, 36 How. Pr. 393.) The answer contained no counter-claim. (*Pruyn* v. *Tyler*, 18 How. Pr. 331, 333; *Page* v. *Fazackerly*, 26 Barb. 392, 395, 396; *Smith* v. *Hill*, 22 id. 656, 660; *Munson* v. *Hegeman*, 10 id. 112; *Connop* v. *Meir*, 2 E. D. Smith, 304; *McKenzie* v. *Farrell*, 4 Bosw. 202; *Thompson* v. *Lumley*, 7 Daly, 74; *Billings* v. *Vanderbeck*, 23 Barb. 554; *Fox* v. *Decker*, 3 E. D. Smith, 150; *Seabury* v. *Ross*, 69 Ill. 533; *Tasker* v. *Chamberlain*, 38 N. Y. S. R. 476; *Equitable Life* v. *Cuyler*, 75 N. Y. 511, 514; *Simmons* v. *Kayser*, 11 J. & S. 131, 137, 138; *Burrall* v. *DeGroot*, 5 Duer, 379, 382; *Bates* v. *Rosekrans*, 37 N. Y. 409; *Wood* v. *Gordon*, 38 N. Y. S. R. 455, 456; *Caryl* v. *Williams*, 7 Lans. 416; *Resch* v. *Lenn*, 31 Wis. 138; *Gaff* v. *Greer*, 88 Ind. 122; *McConihe* v. *Hollester*, 19 Wis. 269; *Dietrich* v. *Koch*, 35 id. 618.)

Brown, J. The complaint contained all the allegations essential to constitute this an action to determine claims to real property. (Code C. P. §§ 1638, 1639.)

The appellants claim that the proof did not show that the plaintiff was in actual possession of the property. The court found that after her husband's death she continued to reside upon it and assumed to be its owner and collected the rents from the part not used by her.

The property was on the corner of Division and Canal streets in the village of Fort Plain, and a large building covered nearly the whole lot. The first floor was used for stores.

The plaintiff occupied the second and third floors, partly for a millinery and partly as a residence. She testified that she had property in every room in the second and third stories. The other parts of the building were rented to tenants who paid their rent to the plaintiff.

In this occupation there was that foothold upon the ground which is essential to constitute actual possession.

Upon the trial defendants moved to dismiss complaint on the ground that the plaintiff had not been in possession for three years.

Under the statute it was requisite to the maintenance of the action that there should have been possession for three years or more by the plaintiff or by her and "those whose estate she had." The plaintiff's husband had been in possession for many years and it was only necessary that the total time of the possession of both should be three years. It is not essential that such possession should be adverse for three years to the defendants' claim.

Between the date of the conveyance under which plaintiff claimed and the commencement of this action, there was a period of about two years and eight months, and we think the action was properly brought.

Upon the facts of the case we concur in the result reached by the General Term.

The weight of the testimony was to the effect that Diefendorf intended to make a present conveyance of his property to his wife, and we think there is very slight ground to hold that he intended to make a will.

He inquired of Doctor Ayres if he could draw a deed. The

statement that he desired to give his property to his wife must be construed in that connection. He contemplated and intended a gift by deed.

In form the instrument is a deed. It was sealed and acknowledged as such, and the deceased appeared to understand the necessity of an acknowledgement as he directed the procurement of a notary public to take it.

There was nothing in his request to the doctor after its execution to indicate an intention not to make the conveyance effectual immediately. The only direction he gave was that it should not be recorded, but the delivery was for his wife. It was not essential that the delivery should have been to the plaintiff. Delivery to Doctor Ayres for her use was enough. (*Church* v. *Gilman,* 15 Wend. 656.)

The deceased reserved no control over the deed, and there is no question in this case as to its acceptance. The title passed to the plaintiff.

The order should be affirmed and judgment absolute rendered against the appellants.

All concur, except LANDON, J., not sitting.

Order affirmed and judgment accordingly.