GRAY E. SAFFORD, as Executor, etc., of FENTON E. WEST, Deceased, Plaintiff, *v.* WILLIAM C. BURKE, VESTA BURKE and GEORGE B. WEST, Individually, and as Executor, etc., of FENTON E. WEST, Deceased, Defendants.

Supreme Court, Warren County, July 22, 1927.

Deeds — delivery — voluntary deed executed by dummy of testator in favor of one of defendants was found in testator's effects — said defendant has not shown delivery of deed — no title passed — will devised property to executors with direction to sell and distribute proceeds — said devise created a power in trust, under Real Property Law, § 97 — sale may be compelled, under Real Property Law, § 157 — all devisees should be parties.

One of the defendants claims to be the absolute owner of certain premises belonging to the testator. The evidence establishes merely that the title to the premises was taken by the testator in the name of a dummy and that the testator caused the dummy to execute a deed to said defendant, which deed was found in the effects of the testator after his death. The presumption of non-delivery was not overcome by the defendant who claims title. Title did not pass to said defendant.

The will of the testator directed the executors to sell the premises and distribute the proceeds. This direction in the will constituted a power in trust, under section 97 of the Real Property Law, and the sale of the property may be compelled under section 157 of the Real Property Law.

In proceedings to compel the executors to sell the real property, all the devisees should be parties. While a part of the devisees were not parties to this action at the commencement thereof, they appeared on the trial and joined with the plaintiff in the prayer for judgment.

ACTION involving construction of will and title to real property.

*William M. Cameron* [*J. Ward Russell* of counsel], for the plaintiff.

*Nortrup R. Holmes* [*Frank S. B. Davis* of counsel], for the defendant George B. West.

*Frank D. Morehouse* for Clinton A. West and Walter S. West, not parties to the action.

HEFFERNAN, J. Fenton E. West died on March 12, 1926, leaving a will dated April 17, 1924, in which the plaintiff and the defendant George B. West are named as executors. This controversy involves a construction of that will and also the title to the real property situated at 16 Marion avenue in the city of Glens Falls. The testator in that instrument, after various bequests, made the following disposition of the residue of his estate: " All the rest, residue and remainder of my estate, both real and personal of every name and nature and wheresoever situated, of which I shall die seized or possessed, I give, devise and bequeath to my executors hereinafter named, to convert the same into money, giving and granting unto them full power and authority to sell and dispose of same for the following purposes to wit: That the whole or principal sum arising or accruing from the sale of said residue and remainder of my said estate to be divided as follows: One-half of said principal sum to my nephew, Walter S. West, of the town of Newcomb, Essex County, N. Y., and one-quarter of said principal sum aforesaid to each of my nephews, Clinton A. West of Igerna, Warren County, N. Y., and George B. West of Long Lake, Hamilton County, N. Y., to be theirs forever."

The defendant West asserts that he is the absolute owner of the premises in question. His title depends solely on the validity of the deed to him of these lands from the defendant Burke. On April 8, 1921, the decedent purchased these premises from Helen M. Bartholomew and paid the consideration therefor. The deed was delivered to him but he took the title in the name of Richard T. Mootry, who never asserted any claim to the premises, and decedent caused the conveyance to be recorded in the Warren county clerk's office on April 9, 1921. When this land was purchased and during its subsequent history, the decedent was married but was living separate and apart from his wife and it is conceded that title was taken in the name of Mootry so that the wife's inchoate right of dower would not attach. By an unrecorded deed dated September 13, 1921, Mootry and wife conveyed the property to West. After the latter's death this deed was discovered

by his executors in his safety deposit box in the First National Bank of Glens Falls. On September 25, 1924, at the direction of West and without consideration, Mootry and wife conveyed the premises to the defendant William C. Burke. This deed was also delivered to West and on the trial Burke admitted that he permitted the use of his name in the transaction solely for West's accommodation and that he had no interest in the lands. West also caused this deed to be recorded on September 26, 1924. On the same day and without any consideration, at the request of West, Burke executed and acknowledged a deed of the premises in which the defendant George B. West is the grantee. This deed was never recorded and after death was found by the plaintiff in decedent's safe among his private papers. Notwithstanding the various conveyances referred to, West remained in possession and control of the property until his death and collected the rents therefrom and paid the taxes thereon.

The defendant West bases his title on the deed from Burke to him and relies on section 94 of the Real Property Law, and in his counterclaim seeks an adjudication in his favor. The plaintiff contends that this deed is inoperative because of non-delivery and that the decedent was the owner of the premises at the time of his death and that title has descended under the provisions of the will quoted to the defendant, to Walter S. and Clinton A. West as tenants in common.

A delivery of a deed is essential to the transmission of title. It is the final act without which all other formalities are ineffectual. While no particular ceremony is necessary to effect delivery and while the details of the transaction are not important, there must be a manifest intention of the grantor to make such a delivery coupled with a complete surrender and parting with the control of the deed by the grantor, and it must pass under the dominion of the grantee or some person in his behalf. While it is not imperative that the grantee should be present at the execution in order to have such a delivery of the instrument made as will give it operative vitality and effect, it is necessary that it should be placed within the power of some other person for the grantee's use or that the grantor should unequivocally indicate it to be his intention that the instrument shall take effect as a conveyance of property in order to have it produce that result. The evidence is undisputed that no delivery of this deed was made to the defendant West or to any person on his behalf. Concededly it was retained by the decedent and apparently its existence was unknown to the defendant until after the former's death.

Section 94 of the Real Property Law does not aid the defendant.

The purpose of this statute was to abrogate the common-law doctrine of resultance by implication of a trust in favor of the party paying the consideration. Obviously it was intended to prevent a secret trust in favor of such a person. The one who pays the consideration must take the conveyance to himself or he can have no legal or equitable interest in the land. It is true, as claimed by defendant's counsel, that where one purchases land and at his request the same is deeded to another, yet by the deed title passes to and becomes vested in the grantee, and, under the prohibition of the Statute of Uses and Trusts, no trust results in favor of the purchaser. In order to pass title, however, there must be a delivery of the deed. In the cases cited by the defendant and upon which he relies, there was either an actual or a constructive delivery. The fact that the prior deeds to Mootry and Burke were recorded does not avail the defendant. It is undoubtedly true that the recording of a deed by the grantor or its delivery for record by him, while not in itself the equivalent of a delivery, nevertheless raises a presumption of constructive delivery which will prevail in the absence of evidence that the grantor did not intend a delivery. That a deed has been duly executed, acknowledged and recorded is *prima facie* evidence of its delivery and acceptance where a beneficial interest is conferred. Here, neither Mootry nor Burke is making any claim to the title. The deed to the defendant was not recorded and consequently it is not necessary to refer to cases sustaining that principle because the absence of that fact renders them inapplicable to the present controversy. In the absence of all evidence to the contrary, it seems clear that the possession of the deed by West at his death raises the presumption that it was never delivered, which is sufficient to overcome any presumption of delivery arising from the mere existence of the executed instrument. The fact that the deed was, after West's death, found among his private papers must, in the absence of all proof to the contrary, be regarded as strong evidence that it had not been delivered; and where, as in this case, evidence of non-delivery arising from the possession of the deed is corroborated by the fact that West retained possession of the lands up to the time of his death and exercised complete dominion over them, such proof is practically conclusive. There can be no doubt that in a case where the evidence stands in this position the burden of proving delivery rests on the party claiming under the deed and he will not be entitled to prevail unless he establishes the fact by evidence greater in weight and more persuasive in force than that tending to prove non-delivery. The presumption against delivery which arises from the fact that the deed is found among the effects of the

grantor after his death is not, of course, absolute and conclusive but only *prima facie* and subject to repudiation by positive proof of delivery. Here such proof is wholly lacking. A voluntary deed executed by a grantor, afterwards retained by him during his life in his own exclusive possession, never during that time made known to the grantee and never delivered to any one for him or declared by the grantor to be intended as a present operative conveyance, cannot be sanctioned as a valid transfer of real property. The deed from Burke to the defendant is of no force or effect and title to the property passes to those named in the will.

According to the provisions of the will the executors are directed to sell the premises. A trust to sell is one of those authorized by statute but if unaccompanied by the right to receive the rents and profits, as in this case, it vests no title in the executors although it is valid as a power. (Real Prop. Law, § 97; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Manice* v. *Manice*, 43 id. 303.) This will indicates that the deceased intended to create a trust. He evidently expected that the devisees named should have his residuary estate in the proportions therein specified. Giving the property to his executors to sell and distribute the proceeds did not give them any estate. A duty placed upon executors to sell and distribute does not create a trust under section 96 of the Real Property Law but only a power in trust under section 97. The power conferred upon the executors may be exercised as a power in trust and the title descends to the devisees subject to the execution of that power. Where real property is directed to be sold and the proceeds distributed the parties beneficially interested may, if competent and of full age, elect to take the property and thus defeat the power of sale conferred upon the executors. Neither is the existence of a naked power of sale in the executors for the purpose of a division of the proceeds a bar to an action by the devisees for partition. (*Mellen* v. *Banning*, 72 Hun, 176.) The power of sale contained in this will is clear and unambiguous and leaves no doubt as to the intention of the testator. The will does not contemplate that the executors should hold the real estate or. that they should delay the administration of the estate longer than reasonably necessary to convert it into money for the purpose of making the division which the testament directs. The exercise of that power by the executors would secure a division of the avails among the parties in interest without the delay and expense of judicial proceedings and evidently the power given by the will was intended to accomplish that purpose. The avails of the land instead of the land itself would, in that case, pass under the residuary clause to the devisees named and could at once be divided so as

to be enjoyed by them in severalty. The testator undoubtedly intended to authorize his executors to sell this land to facilitate the settlement of his estate. A trust power, unless its execution or non-execution is made expressly to depend on the will of the grantee, is imperative, and imposes a duty on the grantee, the performance of which may be compelled for the benefit of the person interested. (Real Prop. Law, § 157.) In this action the plaintiff seeks to compel the defendant West, his coexecutor, to unite with him in making a sale. The coexecutor's claim of title is entirely inconsistent with the duty which the will imposes upon him in this respect. While the other devisees are not parties to the action they appeared on the trial by counsel and joined with plaintiff in the prayer for judgment. Unquestionably they should have been made parties. It cannot be doubted that they would have a right to maintain an action directing the executors to sell. No reason suggests itself why the plaintiff, charged with that duty, is not entitled to invoke the aid of a court of equity to obtain the same relief. The direction in the will is peremptory and it is made the imperative duty of the executors to sell the real estate and convert it into cash and no discretion whatever is reposed in them on that subject. It is not left to their personal judgment and election whether the sale shall take place or not. As to the mode and manner of sale, the price for which the land shall be sold and the time of payment, they have a discretion but that is the only discretionary power which the testator intended to give them. A court of equity, by virtue of its general jurisdiction over trusts and trustees, can, upon a proper showing, direct that the power conferred shall be exercised. Action by the court in this connection is in no sense an interference with the discretion which the testator intended to confide in his executors. It simply compels the performance of a duty which the will enjoins. In this case the executors having failed to make a sale and distribution the court should not hesitate to put them in motion.

Plaintiff is, therefore, entitled to a judgment determining the title to this property, construing the will in accordance with these views, directing a sale of the lands and a distribution of the proceeds among those entitled thereto, with costs payable out of the estate.

Judgment is hereby directed accordingly.