CHARLES P. VAN DECAR, Plaintiff, *v.* ROBERT B. STREETER, Defendant.

Supreme Court, Warren County, March 20, 1930.

*Werner H. Pigors*, for the plaintiff.

*Chambers & Finn*, for the defendant.

ROGERS, J. The defendant, being the owner of the real estate described in the complaint, on July 12, 1929, in writing authorized the partnership Scott B. Smith & Co., of Warrensburgh, N. Y., real estate brokers, to sell the same for $3,000 cash. Plaintiff negotiated with the broker and agreed to buy the property for that sum. Thereafter, on July sixteenth, the defendant executed and acknowledged a warranty deed of the property and left it with the broker with instructions to deliver it to the plaintiff on receipt of the plaintiff's check for the purchase price. The broker was further directed by the defendant to deduct from the $3,000 his commissions, to pay and have satisfied the Ernest G. Woodward mortgage on the property of approximately $700, and to turn over the balance of the purchase price to him.

The broker then notified the plaintiff that the deed was ready for delivery on receipt of the plaintiff's check for $3,000. Thereafter, on July 26, 1929, the plaintiff wrote to Scott B. Smith, of said brokerage firm, stating that he inclosed check for $3,000 for the Streeter property. The check was payable to and received by Scott B. Smith on Saturday, July 27, 1929, and accepted by him as payment.

On Monday, July 29, 1929, the defendant telephoned the broker not to close the transaction with the plaintiff because he had been offered more for the property. The broker told the defendant that the check had been received on the Saturday before and that the transaction was closed. On July thirtieth the broker received a letter from the defendant requesting the broker to hold off on the sale of his place and stating that he had an offer of $5,000 for it. On July thirty-first the defendant in writing revoked the authority of the broker and demanded possession of the deed. On August sixth plaintiff in writing demanded the possession of the deed. The broker refused to give the deed to either party until the right thereto was judicially determined. At this time the broker had in his possession a bond and unrecorded mortgage on the property given by the defendant to Ernest G. Woodward, a client of the broker. This mortgage was not recorded because the broker expected that it would shortly be paid from the proceeds of the sale to the plaintiff. When the right to the possession of the deed came into dispute the broker caused the mortgage to be recorded.

In August, 1929, this action was brought against Scott B. Smith, who procured an order substituting Robert B. Streeter as defendant. The order directed the service of a supplemental summons and complaint upon Robert B. Streeter, and further provided that plaintiff's $3,000 check and the deed " shall be retained by Scott B. Smith subject to the further order of this Court." Also " that this order shall not affect the rights of any of the parties mentioned herein; that its sole purpose is to substitute Robert B. Streeter, as defendant, in the place of Scott B. Smith, so that the matter in controversy may be determined."

The defendant Streeter served an answer containing denials, and pleading the Statute of Frauds and that the plaintiff has an adequate remedy at law.

The proof is sufficient to show effective delivery and acceptance of the deed. The defendant had duly constituted Smith his agent to sell the property. Smith found a purchaser willing and able to pay the amount the defendant asked for the property. Thereupon the defendant executed the deed and directed Smith to fill in the names of the grantees when ascertained from Van Decar whether

he wanted the deed in his own, or in both his and his wife's names. Authority to fill in the name of the grantee may be shown by parol. (2409 *B'way Corp.* v. *Lange,* 128 Misc. 118; *Lamb* v. *Lamb,* 18 App. Div. 250; *Kane* v. *Kane,* 13 id. 544.) The defendant left the deed with Smith and told him to deliver it to the plaintiff upon receipt of the purchase price. When the defendant made that statement he fully and unequivocally intended to part with the title to his property, subject only to receiving his pay therefor. When the plaintiff sent his check to Smith after receiving word from him that the deed was ready the plaintiff evidenced willingness to accept the conveyance. When Smith received the check he treated it as payment, and thereafter believed he held the deed for plaintiff's use and benefit. Therefore, when asked by the defendant to hold up the transaction Smith advised the defendant that it was already closed.

" No particular ceremony is necessary to effect delivery " of a deed. (*Safford* v. *Burke,* 130 Misc. 12.)

Delivery may be made to a third person for the use of the grantee and such delivery is good. It is not necessary that delivery be made to the grantee himself. (*Diefendorf* v. *Diefendorf,* 132 N. Y. 100; *Rosseau* v. *Bleau,* 131 id. 177, at p. 183; *National Bank of Port Jervis* v. *Bonnell,* 46 App. Div. 302.)

" Anything which clearly manifests the intention of the grantor that his deed shall presently become operative and effectual, that he loses control over it, and that the grantee is to become possessed of the estate, constitutes a sufficient delivery." (18 C. J. 197; *Ten Eyck* v. *Whitbeck,* 156 N. Y. 341.)

The retention by, or the delivery to, the scrivener of a deed may operate as a delivery to the grantee. (*Reed* v. *Marble,* 10 Paige, 409.)

Defendant contends that there is not sufficient proof of acceptance because the plaintiff intended to accept the property free and clear of the Woodward mortgage. At the time of the delivery of the deed Smith had been authorized by the defendant to pay Woodward the amount due on the mortgage from the avails of the sale to Van Decar and Smith had been empowered by Woodward to receive the payment. The mortgage at that time had not been recorded. Smith had both the money and the authority to extinguish the Woodward mortgage. Plaintiff knew that Smith had the power to make the title clear when he sent his check to Smith and he unequivocally accepted the deed. If he had attempted to back out and to stop payment on the check the court would hold him committed to the bargain and compel him to pay the check. The warranty deed together with the authority lodged in Smith to pay

the mortgage and his willingness to exercise the authority, would have given the plaintiff the clear title which he accepted.

The defendant invokes the rule in *Bell Clothes Shops, Inc.,* v. *Kamber* (204 App. Div. 1): " If any element of the contract necessary to make the contract a binding and complete contract is not included in the writing and resort must be had to parol evidence to supply that element, then under all the authorities, the writing is not sufficient to satisfy the statutes."

The action is not to compel specific performance of a contract. It is to compel delivery of the indicia of a completed agreement. A deed which is executed and delivered pursuant to an oral contract for the purchase of land, ratifies and validates the oral contract. (*Friedman* v. *Ender*, 116 N. Y. Supp. 461.)

Even if this were not so the contract of listing with the broker and the covenant of warranty in the deed was sufficient " note or memorandum " to show the defendant's intent to convey free and clear from all incumbrances.

The memorandum exacted by the Statute of Frauds may be pieced together from separate writings, connected by express reference or internal reference of *subject-matter* and occasion, and the writings need not be from promisor to promisee, but may be from the promisor to his own agent. (*Marks* v. *Cowdin*, 226 N. Y. 138; *Peck* v. *Vandermark*, 99 id. 29; *Waxelbaum* v. *Schloss*, 131 App. Div. 826.)

The defendant urges that the broker's authority was limited to a sale for cash; that the plaintiff has not paid cash and has never made any legal tender. The term " Cash at time of sale," used in the contract giving Smith authority to sell, means a sale for ready money as distinguished from one on credit. The delivery of the deed and payment were to be concurrent acts. Smith notified the plaintiff that the deed was ready for delivery upon receipt of plaintiff's check. The plaintiff sent his check in payment for the deed and it was received by Smith as payment. No request was made for cash. The defendant did not revoke Smith's authority because the check rather than money was given in payment. At all times since the delivery of the check plaintiff's account upon which the check was drawn has been kept good.

Inasmuch as the check was accepted as payment and since it appears the check has at all times been kept good, it was not necessary for the plaintiff to allege that he is still ready and willing to perform and make payment, nor is it necessary for him to bring the money into court, or make legal tender on the trial.

Plaintiff claims there is a defect of necessary parties to the action. In view of the provisions of the order of substitution, all parties

necessary to a proper determination of the action and for an enforcible and effective judgment are before the court. Woodward, the mortgagee, is not a necessary party, inasmuch as it appears that he is willing to accept payment of his mortgage. Smith by the order of October 7, 1929, was directed to retain possession of the check and deed subject to the further order of this court. Smith, therefore, is not entirely divorced from responsibility in the action and is amenable to the decree of the court. If Woodward and Smith were necessary parties they could be brought in by order " at any stage of the cause as the ends of justice may require." (Civ. Prac. Act, §§ 192, 193.) But it seems that to do so would be an idle ceremony.

It is so palpable that the plaintiff has no adequate remedy at law to compel delivery of a deed that the contention that the complaint should contain this allegation seems without merit. It is only in cases where specific performance is sought and there is probability or at least possibility, of there being an adequate remedy at law that the pleader should negative the assertion.

The parties made a fair bargain. There was no fraud or over-reaching. Each understood what he was doing and each at the time received that which he expected. The higher offer was belated. If the rival bidder had no competition it is unlikely that he would offer more than the defendant asked. The deed belongs to the plaintiff and should be handed over to him.

Judgment is directed that Scott B. Smith forthwith deliver the deed to the plaintiff and present the check for payment and from the proceeds pay to Ernest G. Woodward the amount due for principal and interest on the bond and mortgage held by him, concurrently obtaining from said Woodward a discharge of said mortgage, and pay over to the defendant the balance of the fund after deducting therefrom his commissions, and deliver the discharge of mortgage to the plaintiff.

Present findings and decree in accordance with this memorandum.