(58 Misc. Rep. 385.)

BURNHAM et al. v. BURNHAM.

(Supreme Court, Trial Term, Saratoga County.   March, 1908.)

1. DEEDS—DELIVERY—SUFFICIENCY.
    An owner of realty executed a deed and placed it with a third person, to be delivered to the grantee after her death or to be returned to the grantor on request. *Held*, that a delivery by the depositary to the grantee after the death of the grantor was ineffectual to pass title to the land.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, § 141.]

2. SAME.
    Where grantor, after the execution of a deed, delivered it to a depositary, instructing him to deliver it to a nephew on her death if he survived her, or to deliver it to grantor on demand, and thereafter withdrew such deed and gave him a deed to another, telling him to deliver it to such other after her death, and the depositary placed it in the same envelope which had contained the first deed, and on which he had written the instructions first received, which he altered by striking out the name

of the grantee in the first deed and inserting that of the grantee in the second deed, the presumption is that it was delivered under the same conditions as to surrender on demand, and that the grantor reserved such right, so that it did not constitute a valid conveyance.

Action by Elibazeth M. Burnham and Delila E. Wilsey against Arthur W. Burnham to set aside an alleged deed as a cloud on title. Findings for plaintiffs.

Charles C. Lester, for plaintiffs.
Horace E. McKnight, for defendant.

VAN KIRK, J. This action is brought to set aside, as a cloud upon plaintiffs' title, a paper purporting to be a deed of the real estate described in the complaint, executed by Rebecca Jones and placed in the hands of Stephen C. Medbery, with certain instructions as to the delivery of said deed. The plaintiffs are the sisters and the only heirs at law of Rebecca Jones, who died in March, 1905; and, unless the deed in question is a valid conveyance to Arthur W. Burnham, the plaintiffs are the owners of the real estate in question. In 1898, Rebecca Jones took to Mr. Medbery a deed of the real estate in question, executed to James A. Burnham, and delivered the deed to Mr. Medbery, with instructions the substance of which were written upon the outside of the envelope in which the deed was deposited by Medbery, as follows:

"Deposited with S. C. Medbery by Rebecca Jones, January 22, 1898. These papers are to be delivered to James A. Burnham (provided he survives his aunt, Miss Rebecca Jones) after her death, or to be delivered to said Miss Jones at any time she may so desire. January 22, 1898."

In March, 1903, Rebecca Jones came to Mr. Medbery with a deed of the same premises made to Arthur W. Burnham, the defendant, and stated to Mr. Medbery that she would take back the other deed. She handed him the deed to Arthur, with instructions, as the witness first states, that he deliver the deed to Arthur after her death. Mr. Medbery deposited the deed in the same envelope in which the former deed had been, changing the writing thereon by changing the date and changing the name James A. Burnham to Arthur W. Burnham. Otherwise the writing on the envelope was not changed. On further examination, Mr. Medbery testifies that he has no recollection of the transaction, except that he went to Mr. McKnight's office. He does not recall any instructions when the second deed was delivered, and does not recall, after looking at the envelope on which the first instructions were written, of making the two changes; but the changes are in his handwriting. When his attention was called to the fact that he had deposited it in the same envelope, only changing the date and the name of the grantee, he said that did not refresh his recollection; that he could recall no instructions. Upon the death of Rebecca Jones, he delivered the deed to Arthur W. Burnham.

This deed was without valid consideration. It was a gift or nothing. The determination of the case rests entirely upon the intent with which Rebecca Jones delivered the deed to Mr. Medbery. In Hathaway v. Payne, 34 N. Y. 105, the Court of Appeals said:

"Whether, when a deed is executed, and not immediately delivered to the grantee, but handed to a stranger to be delivered to the grantee at a future time, it is to be considered as a deed of the grantor presently, or as an escrow, is often a matter of some doubt. It generally depends more upon the intent of the parties, to be gathered from the words used and the purposes expressed, than from the terms they employ in naming the depositary, or from the name the parties give to the instrument. Foster v. Mansfield, 3 Metc. (Mass.) 414, 37 Am. Dec. 154. Where the future delivery is to depend upon the performance of some condition, it will be deemed an escrow. Where it is merely to wait the lapse of time, or the happening of some contingency, and not the performance of a condition, it will be deemed the grantor's deed presently."

If Rebecca Jones delivered the deed with the intent to retain control of it, and with the right to withdraw it or substitute another deed in place of it, should she later choose to do so, then there is not a valid conveyance to Arthur W. Burnham. There is no delivery, and the effect of the transaction would be an attempt to dispose of property after death without the formalities required in the execution of a will. In other words, it would be making and executing a will with the formalities only required for a deed. Jacobs v. Alexander, 19 Barb. 243; Bettinger v. Van Alstine, 79 Hun, 517, 29 N. Y. Supp. 904; 16 Cyc. 569, 570. On the other hand, if the deed was delivered with the intent that it should take effect as a present conveyance, and not as a dispostion of property after death, the grantor not reserving any future control, and the manual delivery to the grantee only being postponed until the death of the grantor, it is operative as a conveyance; and the acceptance of the deed by the grantee is presumed as being beneficial to him. Crain v. Wright, 36 Hun, 74, on appeal 114 N. Y. 307, 21 N. E. 401; Tooley v. Dibble, 2 Hill, 641; Edlich v. Gminder, 65 App. Div. 496, 72 N. Y. Supp. 885.; Rosseau v. Bleau, 131 N. Y. 183, 30 N. E. 52, 27 Am. St. Rep. 578.

The one question to be determined, then, is a question of fact, viz.: What was the intent of Rebecca Jones when the deed was delivered to Mr. Medbery? Under the evidence in the case, the question is difficult. At the time the first deed was deposited, it was not an absolute delivery. A condition was attached that the deed should be delivered back to her upon demand. At that time, in 1898, she was evidently uncertain as to whom she would deed the property. The delivery then did not consummate a present conveyance. Mr. Medbery's testimony as to what occurred when the deed in question (the second deed) was delivered to him is unsatisfactory. Although his attention was called directly to the fact that he had put the deed into the envelope in which the former deed was, and had only changed the date and the name of the grantee, he testified that this fact did not at all refresh his recollection; that he still could not recall any instructions. If the deed were deposited with other instructions than those given when the first deed was deposited, it seems strange that Mr. Medbery should not recall it, especially when the very envelope with the instructions on it was presented to him. He does not even remember the specific instructions to deliver the deed to Arthur. He does not recall anything.

Being recalled, Mr. Medbery stated that, after the deed in question was deposited, Rebecca Jones said that she intended to deed to another

nephew; but this evidence is of little value to show the intent with which she deposited the deed. It might show that her understanding was that she had deposited this deed, reserving the right to withdraw it, or it might be evidence that, since she had deposited the deed, she had changed her mind. I think the fair finding under the evidence is that Rebecca Jones deposited the second deed with the same instructions and the same intent with which she deposited the first, and therefore that it is not a valid conveyance.

Findings in favor of plaintiffs may be prepared accordingly.