CARL A. STONEHILL et al., Appellants, *v.* GEORGE G. HASTINGS, Individually and as Executor of ROSALIE T. HASTINGS, Deceased, et al., Respondents.

**Deed — delivery to third person to be delivered to grantee after death of grantor — when title passes under such delivery.**

A deed may be delivered to a third person with instructions that it be finally delivered to the grantee after the death of the grantor. In such a case no title passes until the final delivery, and then and thereafter the title is by relation deemed to have vested in the grantee as of the time of the first delivery to the third person.

*Stonehill* v. *Hastings*, 135 App. Div. 48, affirmed.

(Argued April 6, 1911; decided May 2, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 20, 1909, affirming a judgment in favor of

defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harold Nathan* and *Melville H. Cane* for appellants. The finding that Mrs. Todd was the owner of the property in fee simple at the time of her death, the other findings of her ownership and unrestricted exercise of ownership down to the time of her death, and the finding that the deed was to take effect upon the death of the grantor, in connection with the failure of the court to find that Mrs. Todd when she delivered the deed to Lockwood intended to divest herself of title or to part with control over the deed, compel the conclusion that the deed was intended to take effect not as a present conveyance but as a testamentary disposition. (*Stokes* v. *Stokes,* 198 N. Y. 301; *Elterman* v. *Hyman,* 192 N. Y. 113; *City of Buffalo* v. *D., L. & W. R. R. Co.,* 190 N. Y. 84; *Israel* v. *Manhattan Ry. Co.,* 158 N. Y. 624; *Whalen* v. *Stuart,* 194 N. Y. 495; *Hamlin* v. *Hamlin,* 192 N. Y. 164; *Nickell* v. *Tracy,* 184 N. Y. 386; *Rosseau* v. *Bleau,* 131 N. Y. 177; *Tooley* v. *Dibble,* 2 Hill, 641; *Goodpaster* v. *Leathers,* 123 Ind. 121; *Foster* v. *Mansfield,* 3 Metc. 412; *Haeg* v. *Haeg,* 53 Minn. 33.) The findings of fact irresistibly call for the conclusion of law that the deed was rejected and not accepted. (*Roosevelt* v. *Carow,* 6 Barb. 190; *Gifford* v. *Corrigan,* 105 N. Y. 223; *Blass* v. *Terry,* 156 N. Y. 122; *National Bank* v. *Bonnell,* 46 App. Div. 302; *Best* v. *Brown,* 25 Hun, 223; *Matter of Ordway,* 196 N. Y. 95; *Baxter* v. *Baxter,* 44 N. C. 341; *Fischer Leaf Co.* v. *Whipple,* 51 Mo. App. 181.)

*Theron Davis* and *David G. George* for respondents. The deed in question, after the death of the grantor, was delivered by Lockwood to the grantee and accepted by her. (*Munoz* v. *Wilson,* 111 N. Y. 295; *Edlich* v.

*Gminder,* 65 App. Div. 496; *Wilcox* v. *First M. E. Church,* 104 App. Div. 576; *Lawrence* v. *Farley,* 24 Hun, 293; *Wilcox* v. *Drought,* 71 App. Div. 407; *Hamlin* v. *Stevens,* 177 N. Y. 47; *Tousey* v. *Hastings,* 127 App. Div. 94; 194 N. Y. 79; *Brown* v. *Spohr,* 180 N. Y. 209; *Woodward* v. *James,* 115 N. Y. 351; *Greene* v. *Greene,* 125 N. Y. 511.)

HISCOCK, J.   This action was brought by the appellants as residuary legatees and representing a deceased residuary legatee of one Margretta Todd to set aside a deed and what has been denominated a life lease of certain real estate situate in the city of New York known as the Von Hoffman Apartment House.   The deed ran to a daughter, Rosalie Tousey, subject to the life lease.   It was delivered by the grantor to a third person to be by him after her death delivered to the grantee, which was done, and this appeal is concerned with the judgment dismissing the complaint in so far as it attacks said deed. Such attack does not present here any question of fraud or undue influence, but involves the question whether the deed was valid and effective under the circumstances of its delivery.

The important findings on which the judgment dismissing the complaint is based and certain significant refusals to find are, in substance, as follows:

Some time before her death, Margretta Todd, being the owner of the premises in question, executed a deed of the same to her daughter Rosalie in consideration of natural love and affection, and delivered the same to one Lockwood, " with instructions to hold the same during the lifetime of the grantor   *   *   *   and upon or after the death of the said Margretta Todd, to deliver the said deed of the said premises to her said daughter."   In accordance with these instructions, communicated to him at the time of the execution of said deed, Lockwood " did hold the said deed during the lifetime of said Margretta Todd and

after her death delivered the same to the said Rosalie Tousey who duly accepted the said deed." The court refused to find that said deed was deposited with Lockwood by the grantor as her agent, or that she at all times retained control of the aforesaid deed (and lease) and exercised over the said instruments the power to recall them. During the lifetime of the grantor, Lockwood informed the grantee that her mother "had executed and delivered to him a deed conveying the said premises to the said Rosalie Tousey to be delivered to her after the death of her said mother." October 31, 1905, three days after the death of the grantor, Lockwood caused to be recorded in the proper office the deed in question, and notified one Hastings, as attorney for the grantee, of such recording. The grantee at the time was traveling abroad, and after she returned to New York early in December she assumed the direction and management of said premises, expending various sums in re-decoration, repairs, etc., and she made, or caused to be made, a demand upon the Lincoln Trust Company, which had taken possession of the property under circumstances hereafter to be referred to, that the management and control of the premises be relinquished to her "as the said property belonged to her under a deed executed" as hereinbefore stated, and thereafter possession was surrendered to her, which she retained until her death; when her title passed to others who are defendants here.

I fail to see any break in this chain of findings which prevents them from being sufficient in connection with other more formal ones to draw after them the conclusions of law and judgment which have been made to the effect that said deed vested in the grantee a title which was valid and effective as against the attempt of the appellants to set it aside.

It is urged, however, as against the force of the findings above summarized that other findings were made which are so inconsistent therewith as to lead to a differ-

ent judgment than that which was rendered. Some of these findings are designated in the decision as findings of fact and some of them which are described as conclusions of law are nevertheless asserted by the appellants to be findings of fact. They are in substance as follows:

That *at the time of her death* and for many years prior thereto Margretta Todd was *the owner in fee simple* of the property in question; that she "retained the active and undisputed control, possession, management and ownership of the said premises down to the date of her death;" that on divers occasions subsequent to the execution of the said deed to her daughter said Margretta Todd "had shown much love and affection for her said daughter * * * and had expressed an intention of executing a deed of the said premises to the said Rosalie Tousey;" (stated as conclusions of law) that the deed was a valid conveyance "to take effect on the death of said Margretta Todd;" that after the death of the said grantor the said Lockwood made a valid delivery of the deed of said premises to Rosalie Tousey and the said deed was duly accepted by her "and the fee simple of said premises vested in Rosalie Tousey from the time of the death of said Margretta Todd on the 28th day of October, 1905, and the said Rosalie Tousey be and is entitled to the rents and profits therefrom from said 28th day of October, 1905."

On these so-called findings of fact the appellants build up the argument that in order to be effective the deed delivered to Lockwood either must have taken effect presently when delivered to him or else taking effect when delivered to the grantee after the death of the grantor must have related back to the time of its delivery to Lockwood; that on either theory the grantor could not retain ownership of the premises down to the time of her death, and, therefore, the findings which have been last quoted are in conflict with both theories and "compel the conclusion that the deed was intended to take

effect not as a present conveyance but as a testamentary disposition."

The first answer to this argument is that the findings which appellants rely upon and which they claim to be in conflict with those first quoted from, if they are in any conflict, involve statements of law rather than of fact. I suppose that the question as of what time the title would pass from grantor to grantee and at what date the fee simple would vest in the latter upon performance of the various acts set forth in the findings naturally must be one of law.

In the second place, I do not think there is anything in the findings or conclusions as a whole which is intended to be or really is at variance with the judgment which was rendered or which destroys the deed as a valid conveyance. Take as an illustration the findings that the deed was to take effect on the death of the grantor and that the "fee simple of said premises vested in Rosalie Tousey * * * from the time of the death of said Margretta Todd," and that at the time of her death said grantor was the owner in fee simple of the property, and interpreted in the light of their surroundings they are substantially accurate. The conclusion that the title vested in the grantee from the time of the death of her grantor was part of a conclusion of law made for the purpose of fixing the time from which the grantee should receive the rents and profits, and I do not understand that there is any dispute that she was properly limited in her right to these to the period after her grantor's death. The other conclusions that the deed was to take effect upon the death of the grantor and that the latter died seized of the premises are in accordance with the fact of the final delivery of the deed and the law as established by well-considered cases.

*Hathaway* v. *Payne* (34 N. Y. 92) considered a deed like the present one, which was delivered by the grantor to a third party to be delivered to the grantee after the

former's death.　Chief Judge DENIO wrote for a majority of the court as follows:　"They (the authorities) do * * * prove that a deed may be delivered to a third person, as this was, with instructions to be finally delivered to the grantee after the death of the grantor. In such a case, the weight of authority is, that no title passes until the final delivery, and that then, and thereafter, the title is, by relation, deemed to have vested as of the time of the first delivery to the third person.　If it were an original question, I should suppose that such a transaction was of a testamentary character. * * * But the cases establish the rule as I have stated, and they should not now be disturbed."　(p. 113.)

The same doctrine was laid down in *Rosseau* v. *Bleau* (131 N. Y. 177).　It was there held that an action might not be maintained by the representatives of a deceased person to set aside as fraudulent against creditors a deed not delivered until after the latter's death for the reason that such a deed did not become operative during life and that, therefore, the grantor died so seized that the liens of creditors attached under the statutes relating to real estate of deceased persons.

In this connection appellants' counsel especially relies on the cases of *Rochester Sav. Bank* v. *Bailey* (34 Misc. Rep. 247; affd., 70 App. Div. 622) ; *Burnham* v. *Burnham* (58 Misc. Rep. 385; affd., 132 App. Div. 937; 199 N. Y. 592.)

In each of these cases it expressly appeared that the grantor retained control of the deed, a condition which not only does not affirmatively appear in this case, but which is negatived by an express refusal to find to that effect.

It is further urged that as evidenced by certain findings, the daughter elected to reject the deed.　These findings are to the effect that on learning of the death of her mother she cabled to certain representatives to look after her interests, and that those representatives, although

knowing of the so-called lease and deed and also of the will, instituted proceedings to have the Lincoln Trust Company appointed temporary administrator and to have it take possession of all of the estate of the decedent, including the real estate in question, which it did. I do not think under the circumstances that this amounted to any binding election to reject the deed. The directions given by the daughter were necessarily general and incomplete and in my opinion did not fairly confer upon her representatives the authority to reject the deed. Immediately upon her return she elected to accept the deed and take title under it.

Under the circumstances I think the judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Judgment affirmed.