IRMA SALTZSIEDER, by OSCAR WAGNER, Her Guardian ad Litem, Appellant, *v.* FREDERICK W. SALTZSIEDER et al., Respondents, and MARIE SALTZSIEDER et al., Appellants, Impleaded with Another.

Appeal — order of Appellate Division reversing findings of fact made by Special Term — when such order reviewable by Court of Appeals — real property — delivery of deed by grantor to third person to hold during life of grantor and upon his death deliver to grantee — evidence — when facts show control of real property by grantor during his lifetime inconsistent with deed and delivery thereof, such deed may be held void and the record thereof canceled.

1. Where findings of fact essential to a judgment of the Special Term are reversed by the Appellate Division "as without any evidence to support them," and not through a consideration of conflicting evidence or inferences, the correctness of the reversal is a question of law which the Court of Appeals is bound to review, and if the record contains evidence supporting the findings of the Special Term, its judgment will be upheld.

2. Where the owner of land delivers an instrument, competent in form to grant land, to a third person, with directions to the third person to hold it during the lifetime of the owner and to deliver it to the person named as grantee upon the owner's death, and the owner, then and there intending to part forever and absolutely with all right to withdraw, cancel or control the instrument, delivers it as his deed, he is immediately and irrevocably bound by the provisions of it.

3. When, however, there is a dispute as to the effect of a deed so delivered by an owner, whether or not the intention existed and was expressed to make complete delivery so as to pass the title is a question of fact solvable by a consideration of the other facts, including proof of the existing and surrounding conditions and circumstances and of the acts and declarations of the owner subsequent to the alleged delivery.

4. Plaintiff seeks a judgment establishing the invalidity and cancellation of an instrument purporting to be a conveyance of real estate by her father to three of his sons by a former marriage, all of whom were infants. At the time the grantor made the instrument he was about to contract his second marriage; on the same day he

duly executed his last will and testament; the will and the instrument in question he gave to his attorney with instructions to hold the deed until his death and then hand it over to his sons; neither the attorney nor the owner or any other person informed the sons, within the fifteen years of the subsequent life of the owner of the transaction in so far as the alleged deed was involved; a child, the plaintiff herein, was born of the second marriage. During the remainder of the owner's life, after the execution of the deed in question, he executed mortgages and leases upon the land therein conveyed, and down to his death exercised, claimed and alleged full ownership and possession of the land. He never requested the return of the deed. *Held*, that the order of the Appellate Division reversing the Special Term should be reversed, and that the judgment of the Special Term declaring void and directing the cancellation of record of the deed in question be affirmed.

*Saltzsieder* v. *Saltzsieder*, 167 App. Div. 801, reversed.

(Argued December 7, 1916; decided December 28, 1916.)

Appeal from a judgment, entered June 1, 1915, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a judgment in favor of defendants, respondents.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert E. Deyo* for plaintiff, appellant. The deed is absolutely void. Its delivery was a pretense; its existence being kept concealed until Saltzsieder's death. Timm always held it as his agent. (*Roosevelt* v. *Carow*, 6 Barb. 190; *Churchill* v. *Gilman*, 15 Wend. 656; *Koehler* v. *Hughes*, 148 N. Y. 507; *Ten Eyck* v. *Whitbeck*, 156 N. Y. 341; *Babcock* v. *Babcock*, 53 How. Pr. 97; *R. S. Bank* v. *Bailey*, 34 Misc. Rep. 247; 70 App. Div. 622; *Stonehill* v. *Hastings*, 202 N. Y. 115; *Hathaway* v. *Payne*, 34 N. Y. 92; *Crain* v. *Wright*, 114 N. Y. 307; *Rankin* v. *Donovan*, 46 App. Div. 225; *Brown* v. *Austin*, 35 Barb. 341.) The delivery of the deed was a pretense in that Saltzsieder executed a simultaneous will which was

intended to be a substitute therefor if he recalled the deed. (L. 1909, ch. 18, art. 2, § 14.) That the delivery of the deed was a mere pretense is further shown in that it was Saltzsieder's intent to supersede it by the simultaneous will, if he died leaving further issue and without having used or destroyed the deed. (*Stonehill* v. *Hastings*, 202 N. Y. 115; *Baird* v. *Erie R. R. Co.*, 210 N. Y. 225; *Palmer* v. *Palmer*, 150 N. Y. 146; *Mott* v. *Richtmeyer*, 57 N. Y. 64; *Hathaway* v. *Payne*, 34 N.Y. 92; *Bumpus* v. *Bumpus*, 79 Hun, 526; *Cornell* v. *Todd*, 2 Den. 130; *Doty* v. *Willson*, 47 N. Y. 580.) Subsequent hostile acts prove that the delivery was a pretense. (*Ten Eyck* v. *Whitbeck*, 156 N.Y. 341; *Rochester Savings Bank* v. *Bailey*, 34 Misc. Rep. 347; 70 App. Div. 622; *Briggs* v. *Carroll*, 117 N. Y. 288; *Scott* v. *Stebbins*, 91 N. Y. 605; *Doty* v. *Willson*, 47 N. Y. 580; *N. Y. L. Ins. Co.* v. *Aitkin*, 125 N. Y. 660; *Burns* v. *City of New York*, 213 N. Y. 516; *Perrior* v. *Peck*, 39 App. Div. 390; 167 N. Y. 582; *Livingston* v. *Ten Broeck*, 16 Johns. 14; *Thomas* v. *Scutt*, 127 N. Y. 133; *Crane* v. *Morris*, 6 Pet. 598; *Carver* v. *Jackson*, 4 Pet. 1.)

*Richard H. Clarke* for defendants, appellants. The deed from the decedent to his minor children and the will of the decedent made immediately prior to his marriage, having been executed simultaneously, must be held to be one instrument, and as they disposed of all the decedent's property, are testamentary in character. Hence, the revocation of one is a revocation of both. (*Palmer* v. *Palmer*, 150 N. Y. 139; *Mott* v. *Richtmeyer*, 57 N. Y. 67; *Cornell* v. *Todd*, 2 Den. 130.) There never was any valid delivery of the deed, putting it beyond the grantor's power to revoke or reclaim it. (*Perry* v. *Perry*, 170 App. Div. 524; *Brown* v. *Austen*, 35 Barb. 341; *Hathaway* v. *Payne*, 34 N. Y. 92; *Fischer* v. *Hall*, 41 N. Y. 416; *Coventry* v. *McCreery*, 144 App. Div. 68; *McIllhargy* v. *Chambers*, 117 N. Y. 532.)

*Leo C. Weiler* and *George E. Blackwell* for respondents. The Appellate Division found that the deed was given by Frederick W. Saltzsieder, Sr., now deceased, to William C. Timm, to be delivered to the grantor's sons, the grantees therein named, after the grantor's death. The Appellate Division found further, reversing the Special Term, that such delivery was without any reservation of control over the deed, and that the deed operated to pass title to the grantees, when so delivered to them by Mr. Timm. (*Stonehill* v. *Hastings*, 202 N. Y. 115; *Rosseau* v. *Bleau*, 131 N. Y. 177; *Hathaway* v. *Payne*, 34 N. Y. 92; *Brown* v. *Austen*, 35 Barb. 341; *Munro* v. *Bowles*, 187 Ill. 346.) The Court of Appeals cannot concern itself with questions involving the weight of evidence. (*Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 263; *Ga Nun* v. *Palmer*, 216 N. Y. 603; *Hall* v. *O'Brien*, 218 N. Y. 50; *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495.) There is no merit in the claim that on account of the lack of knowledge on the part of the grantees of the existence of the deed, Mr. Timm held the deed as the " agent " of the grantor and that through such custody of Mr. Timm, Mr. Saltzsieder retained control over the deed. (*Roosevelt* v. *Carow*, 6 Barb. 190; *Maxwell* v. *Harper*, 51 Wash. 351; *Everett* v. *Everett*, 48 N. Y. 218; *Munoz* v. *Wilson*, 111 N. Y. 295; *Tompkins* v. *Thompson*, 93 N. Y. Supp. 1070; *Jones* v. *Swayze*, 42 N. J. Law, 279; *Grilley* v. *Atkins*, 78 Conn. 380; 4 L. R. A. [N. S.] 816; *Munro* v. *Bowles*, 54 L. R. A. 865; *Pentico* v. *Hays*, 9 L. R. A. [N. S.] 224; *Renehan* v. *McAvoy*, 38 L. R. A. [N. S.] 941.) The execution of the will simultaneously with the execution of the deed does not, in fact, tend to prove a reserved power of control over the deed, and as a matter of law cannot affect or qualify the delivery of the deed. (*Farr* v. *Thompson*, 1 Speers [S. C.], 93, 105; Jarman on Wills [6th ed.], 30, 31, 494.) The acts of Mr. Saltzsieder in relation to the property after the delivery of the deed to Mr. Timm cannot qualify the character

of the original delivery. (*Northrup* v. *Coon*, 154 App. Div. 337.)

Collin, J. The plaintiff seeks and was awarded by the Special Term a judgment establishing the invalidity and cancellation of an instrument purporting to be a conveyance of real estate by Frederick W. Saltzsieder to his sons, Frederick W., Walter H. and Herbert G. Saltzsieder. The Appellate Division by an unanimous decision reversed the judgment and held that the instrument was valid and effective.

While the Special Term and Appellate Division are in disagreement as to certain findings of fact, they are not as to these: On May 21, 1898, Frederick W. Saltzsieder, the father, was engaged to be married to the appellant, Marie Saltzsieder, then Marie Schneider. He had by a former marriage the three sons already named, who were infants. He was forty-seven years old. On that date he duly signed, sealed and acknowledged the conveyance under consideration. It was, in form, a full covenant warranty deed purporting to convey to the sons the real estate in question, which was then owned by him. At the same time he duly executed his last will and testament, which, among other things, bequeathed to Marie Schneider, in case she became his wife, twenty-five thousand dollars, to be received in lieu of dower, and gave the residue of his estate to his three sons and subsequently born children, if any. The instruments were prepared by and were executed at the same time in the presence of his attorney, William C. Timm. Immediately after their execution, Saltzsieder told Timm to hold the deed until Saltzsieder's death and hand it over then to his sons. At the same time he handed over the will to Timm, who at once placed the instruments together in an envelope and so kept them in his office until after the death of Saltzsieder on March 13, 1913, when he delivered the alleged deed to the sons. Neither of them had theretofore any knowledge of its

existence.    On May 26, 1898, Saltzsieder and Marie
Schneider married, and the plaintiff, born May 10, 1899,
is their only child.    In April, 1902, Saltzsieder executed
another will, the contents of which are unknown.    The
instrument which became in fact his last will was dated
October 18, 1911, was probated April 4, 1913, and gave,
after revoking all former wills, certain legacies payable
from his personalty and all the remainder of his estate
in trust, to pay one-third of the net income to his "beloved
wife," the balance of the net income to his four children.
It directed the division, upon the death of his wife, of the
corpus of the trust fund among the four children.    Saltz-
sieder executed two mortgages upon the real estate, in
which his wife joined; the first, on October 29, 1903, the
second, on May 3, 1911, aggregating forty thousand dol-
lars, which were liens in that amount at the time of his
death.    In connection with each mortgage he made an
affidavit in writing stating that "the said mortgaged
premises are free, clear and unincumbered of and from
any and all claims, liens and demands of every name,
nature and kind whatsoever    *    *    *    this affidavit is
made at the special instance and request of the mort-
gagee that she may on the faith of all the represen-
tations and statements herein contained, advance · to
deponent the said sum of money in said mortgage named."
Between May 21, 1898, and his death, March 13,
1913, he made in his name as the lessor five different
leases of the property and exercised all the acts incident
to the ownership and possession of improved real estate.
He paid taxes and interest on the mortgages on the
property, paid from his own funds for such repairs as the
tenants were not required to make, and collected the rents
and appropriated the same to his own use.    In a written
agreement of April 6, 1912, cancelling a lease made by
him, he recited that he "owned the premises in question."

Other findings of the Special Term were, in substance:
Saltzsieder at all times retained control of the alleged

deed and did not deliver it to Timm as agent of the grantees; when he deposited the instrument with Timm he intended that such deposit should not constitute a delivery to Timm and that the custody and control of said deed and property should remain in himself; by the execution of his will of October 18, 1911, he intended to and did revoke the agency of Timm by destroying the subject-matter of said agency. The Appellate Division reversed those findings " as without any evidence to support them," and found affirmatively that the intent of Saltzsieder was that the said instrument should be delivered by Timm to the grantees named in it upon his death and should by reason of such delivery operate to transfer the title of the premises to the grantees, and he did not reserve any control of or right to recall the said deed; that the grantees accepted the delivery of the same to them by the said Timm. The Special Term made many and elaborate conclusions of law, some of which, perhaps, are not essential to the judgment directed by it or supported by its findings of fact. Its judgment is, however, upheld by those conclusions which have support in the findings. All of its conclusions of law were reversed " as unwarranted." The Appellate Division found as conclusions of law that the alleged deed constituted an executed and irrevocable gift to the grantees whereby the title of the real estate passed to the grantees through the delivery by Timm.

It is obvious that the findings of fact of the Special Term, which were reversed by the Appellate Division, were essential to the judgment of the Special Term. Because they were reversed " as without any evidence to support them," and not through a consideration of conflicting evidence or inferences, the correctness of the reversal is a question of law which we are bound to review. The rule that original findings of the Appellate Division, supported by evidence, are conclusive upon us (*Acme Realty Co.* v. *Schinasi,* 215 N.Y. 495; *Ga Nun* v. *Palmer,* 216

34

N. Y. 603; *Hall* v. *O'Brien*, 218 N. Y. 50) is not applicable here because the findings of the Special Term were reversed and the opposing findings of the Appellate Division were made, not through weighing conflicting evidence, but as the only decision having support in the evidence as a matter of law. If the reversed findings have support in the evidence, the Appellate Division erred.

It is an established rule of law that where the owner of land delivers an instrument, competent in form to grant the land, to a third person, with directions to the third person to hold it during the lifetime of the owner and to deliver it to the person as grantee upon the owner's death, the owner then and there intending to part forever and absolutely with all right to withdraw, cancel or control the instrument, the owner delivers the instrument as his deed and is immediately and irrevocably bound by the provisions contained in it. Ignorance on the part of the person named as grantee of the transaction does not affect the rule. His acceptance, to the extent of making inflexible the intention and delivery of the owner, is presumed. The decision in *Baker* v. *Haskell* (47 N. H. 479) conflicts with this rule, which is, however, established in this jurisdiction (*Everett* v. *Everett*, 48 N. Y. 218; *Spencer* v. *Carr*, 45 N. Y. 406; *Munoz* v. *Wilson*, 111 N. Y. 295), and in many others. The evidence must show that the owner intended in the delivery to divest himself of his right to withdraw, revoke or control the instrument as completely as though he were delivering it to the person named as grantee, and by words or act expressly or impliedly acknowledged his intention. Whether or not the intention existed and was expressed is a question of fact solvable by a consideration of the other facts. While the question as to whether there was a delivery of the instrument, in the legal sense, under a state of facts, is a question of law, it is a question of fact whether the facts, which the law requires to constitute the delivery, exist and are proven. In the

present case the owner gave to a third person the instrument, adequate in form to convey the land to the persons named as grantees, with accompanying instructions to the third person to hold it until the owner's death and hand it over then to those persons. The act and language, considered by themselves, are adequate to expressly acknowledge the intention of the owner to be immediately and unconditionally bound by the provisions of the instrument. (*Stonehill* v. *Hastings*, 202 N. Y. 115; *Patrick* v. *Parrott*, 92 Ohio St. 184.)

Other facts were, however, proven and found. Some of them existed contemporaneously with the transaction as stated, some arose subsequently. Of the former were these: The owner was forty-seven years of age; he was about to contract his second marriage; the persons named as grantees were his sons, aged respectively nineteen years, fifteen years and seven years; as a part of the transaction he duly executed his last will as already stated and gave the will and the instrument to his attorney. Of the latter were these: Neither the attorney nor the owner nor other person informed either of the sons, within the fifteen years of the subsequent life of the owner, of the transaction in so far as the alleged deed was involved; a child was born of the second marriage; the owner executed two wills as already stated; he executed mortgages and leases as already stated and down to the time of his death exercised, claimed and alleged full ownership and possession of the land; he did not request the return of the instrument.

There are cases reported in which the transaction constituting the alleged delivery of the instrument to the third person was of a nature so unequivocal and absolute that it, in and of itself, determined either that there was or was not a delivery. In case the transaction was that the owner declared in connection with the manual delivery that it was to the third person as the agent or trustee or representative of the person named as grantee, or required

the third person to agree that he would make the final delivery, or expressly declared the instrument to be the " act and deed " of the owner, or expressly extinguished all his right and dominion over the instrument, the single conclusion that the instrument was delivered could be adduced. In cases which are not within such class, the evidence relevant to the ascertainment of the intention of the owner is not restricted to the mere manual delivery to the third person of the instrument and the accompanying statements or instructions. It may include proof of the existing and surrounding conditions and circumstances, and of the acts and declarations of the owner subsequent to the alleged delivery. The question is not what was the condition and state of the title, but was the instrument the grant of the owner and efficacious to pass the title from the delivery of it to the alleged grantee.

We may not with propriety consider the weight and effect which should be accorded the evidence in the present case apart from that proving the alleged delivery of the instrument to the attorney Timm. It contained facts which supported in a measure, not to be disregarded as devoid of probative force, the findings of the Special Term which were reversed by the Appellate Division. (*Hale* v. *Joslin*, 134 Mass. 310; *Joslin* v. *Goddard*, 187 Mass. 165; *Williams* v. *Kidd*, 170 Cal. 631; *Rice* v. *Carey*, 170 Cal. 748; *Arnegaard* v. *Arnegaard*, 7 N. D. 475; *Donahue* v. *Sweeney*, 171 Cal. 388; *Copeland, Executor*, v. *Summers*, 138 Ind. 219; *Renehan* v. *McAvoy*, 116 Md. 356; *Roepke* v. *Nutzmann*, 95 Neb. 589; *Wilson* v. *Bridgforth*, 66 So. Rep. [Miss. Nov. 30, 1914] 524; *Flannery* v. *Flannery*, 156 N. W. Rep. [Neb. March 18, 1916] 1065.)

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

WILLARD BARTLETT, Ch. J., CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur; HISCOCK, J., absent.

Judgment accordingly.