MARGARET SLOWEY, Plaintiff, *v.* JOHN HUNT et al., Defendants.

(Supreme Court, Kings Special Term for Trials, July, 1919.)

Deeds — when delivery of, takes effect — what is a valid transfer — real property.

> Where a deed of conveyance to two daughters of the grantor was delivered by her to a third person with directions to deliver it to the grantees upon the death of the grantor, there is a valid transfer of the property though the grantor retained possession thereof and continued to treat it as her own.
>
> The deed took effect from the time of its delivery and the heirs of one of the grantees who predeceased the grantor are entitled to said grantee's undivided one-half interest in the property.

ACTION in partition.

James E. Finegan, for plaintiff.

Reynolds & Geis (L. J. Reynolds, of counsel), for defendants Hunt and Schlitz.

Newman & Joseph (Arthur Joseph, of counsel), for defendant Taylor.

Julius J. Popper, guardian *ad litem* for infant defendant Randolph F. Taylor.

CROPSEY, J.  The action is in partition.  The shares of the parties depend upon the decision as to whether a deed was valid.  The deed was made by the owner of the property to two of her daughters.  It was not delivered to them but, instead, was delivered to a third person with directions that he should deliver it to the grantees upon the death of the grantor.  Before the grantor died, one of the grantees had died.  Upon the grantor's death, the custodian of the deed delivered it to the surviving grantee.  The delivery of the deed by the grantor put the control of it out of her possession.  It was absolute in the sense that she could not regain its possession.  It was not, however, to become effective until her death.  This constituted a valid tranfer of the property.  *Stonehill* v. *Hastings,* 202 N. Y. 115.  The fact that the grantor retained possession of the property, continuing to collect the rents and execute extensions of mortgage and otherwise treat the property as hers is not inconsistent with the foregoing ruling.  The property was to remain hers until she died.  Nor is there anything in conflict with this decision in *Saltzsieder* v. *Saltzsieder,* 219 N. Y. 523.  That case merely held that, as a matter of fact, the deed had not passed absolutely out of the control of the grantor and could be revoked or recalled.

The question remains as to the effect of the death of one of the grantees prior to the death of the grantor.  No one contends that the surviving grantee is entitled to more than a one-half interest under the deed.  The question is whether the other one-half goes

to the heirs of the deceased grantee or to the heirs
of the grantor. At the close of the trial the court
invited briefs upon this point, stating that possibly
the heirs of the deceased grantee were not entitled to
take. Since then the attorneys representing those
heirs have written saying they have been unable to
find a case which sustains their contention. But the
court has been more fortunate. Though the deed was
not delivered by its custodian before the death of the
grantee, when it was delivered it is deemed to have
taken effect from the time of its delivery to the cus-
todian. And so the heirs of the deceased became
entitled to her undivided one-half interest. *Hunter* v.
*Hunter,* 17 Barb. 25, 82; *Ruggles* v. *Lawson,* 13 Johns.
282, 286; *Webster* v. *Kings County Trust Co.,* 80 Hun,
420, 426; *Perry* v. *Perry,* 170 App. Div. 525. This is
also the rule recognized by the text writers. 3 Washb.
Real Prop. (6th ed.) 273; Tiedeman Real Prop. (3d
ed.) § 579, p. 839; 2 Tiffany Real Prop. § 406, pp. 931,
932; Brewster Conveyancing, § 309; Devlin Deeds (2d
ed.), § 333a; 16 Cyc. 588, 599.

Judgment accordingly.