ALFRED Q. ALLEN, Plaintiff, *v.* HELEN LEET and Others, Defendants.

Supreme Court, Cortland County, July 19, 1926.

Deeds — validity — deed not invalid though it was executed and acknowledged before justice of peace who was not properly qualified to take acknowledgments — official acts of de facto justice of peace are as valid as those of de jure justice of peace — delivery of deed to third party did not pass title in absence of evidence showing intent of grantor.

A deed signed by the grantor and placed by him in the hands of a third party with certain instructions as to its delivery is not invalid by reason of the fact that it was signed and acknowledged before a justice of the peace who was not properly qualified to take acknowledgments by reason of the fact that he had failed to file the certificate of the town clerk as to his appointment with the county clerk showing that he had filed the proper undertaking as provided by section 106 of the Town Law, where it appears that he assumed the office and purported to act as a justice of the peace with all the powers incident thereto; the official acts of a *de jacto* justice of the peace are as valid as those of a *de jure* justice of the peace.

The manual delivery of the deed to said third party did not pass title, since the evidence shows that during the grantor's lifetime he exercised, claimed and assumed full ownership and possession of the land in question, and never intended to divest himself of all right to withdraw, revoke or reclaim the instrument.

ACTION in partition.

*L. R. Chase,* for the plaintiff.

*J. T. & C. H. Gardner,* for the defendants Walter Gardner and others.

LEE, J. The action is one in partition and the respective rights of the parties depend upon a decision as to whether a paper purporting to be a deed is valid as a deed so as to transfer title to the grantees therein named. The purported deed was signed by

William L. Allen and placed by him in the hands of one George Palmer with certain instructions as to its delivery. There was not any legal consideration for the deed; and, if the grantees were to receive anything under it, it was as a gift.

The instrument is attacked upon the ground that the party before whom the acknowledgment was taken was not properly qualified to take acknowledgments. It was signed and acknowledged before William E. Titus, a layman, who had been appointed by the town board of the town of Willet, Cortland county, N. Y., to fill a vacancy of the office of justice of the peace. He filed a proper undertaking which was approved by the supervisor and filed with the town clerk. His appointment seems to be in due form. However, he failed to file a certificate of the town clerk with the county clerk showing that he had filed such undertaking, as provided by section 106 of the Town Law, and he failed to file an oath of office with the county clerk although he did file the constitutional oath of office with the town clerk. He took part as justice of the peace in the proceedings of the town board and assumed and purported to act as a justice of the peace with all the powers incident thereto. William L. Allen, George Palmer and the justice himself at the time Allen purported to acknowledge the instrument in question believed that Titus was a duly qualified justice of the peace entitled to take acknowledgments. Persons had a right to rely upon the fact that Titus was qualified to discharge the duties pertaining to the office of justice of the peace and that any of his acts in respect thereto would be valid. A *de facto* justice of the peace assuming the prerogatives of that office is not open to attack by a private party. The official acts of a *de facto* justice of the peace are just as valid as those of a *de jure* justice of the peace. If it were otherwise the business of persons dealing with them could not be properly conducted and maintained in an orderly manner.

The transaction constituting the alleged delivery of the instrument to George Palmer was not of a nature so unequivocal and absolute that it in and of itself determined either that there was a delivery or not a delivery to the grantees through him. This being the case, evidence produced to ascertain the intention of the owner was not restricted to the mere manual delivery of the instrument. The evidence of Mr. Palmer is to the effect that William L. Allen did not want the title of the property in question to pass to the grantees as long as he, William L. Allen, lived. At the time he placed the deed with Palmer, Allen stated in substance that he wanted the control of the property as long as he lived. The transaction at the time of the manual delivery of the deed to Palmer and the subsequent statements and conduct of William L. Allen are convincing

that as a matter of fact the alleged deed had not absolutely passed out of the control of William L. Allen and that it could be revoked or recalled  That this was the intention of William L. Allen is shown by the fact that subsequent to the time of the signing and placing of said instrument with Palmer, Allen conveyed to the county of Cortland by warranty deeds certain portions of the property described in the purported deed.  Allen told a neighbor, a Mrs. Jessie Tracy, that he had left a paper with Mr. Palmer to keep until he died or unless he called for it.

Before the time of his decease William L. Allen executed before Roland D. Barker, an attorney, a power of attorney giving his son-in-law, Ralph Leet, control of his real estate and directed him to obtain the instrument in question from Palmer.  The attorney, Barker, and Ralph Leet went to the home of Palmer and demanded the purported deed but Palmer refused to deliver the same.  William L. Allen stated that he wanted Ralph Leet to be sure and get the deed.  There never was a valid delivery of the deed putting it beyond the power of Allen to revoke, recall or reclaim it.  After Ralph Leet called for the instrument in question, any attempt of Palmer to record the deed would be insufficient to constitute a legal delivery to the grantees.

The grantor, William L. Allen, having control of the deed during his lifetime, even if he had not recalled or reclaimed the same, could not dispose of his property by such an instrument effective at the time of his death.  The law determines the disposition to be made of an estate in the absence of a valid will.  (*Butler* v. *Sherwood*, 196 App. Div. 603.)

Beyond question if an owner of land delivers an instrument in legal form to a third person with directions to hold it during the lifetime of the owner and to deliver it to the grantee upon the owner's death, the owner then and there intending to part forever and absolutely with all right to withdraw, cancel or control the instrument, such instrument acts as a deed from the owner and he is immediately and irrevocably bound by its provisions.  (*Stonehill* v. *Hastings*, 202 N. Y. 115.)  In such cases the authorities seem to hold that no title passes until the final delivery and that then and thereafter the title is, by relation, deemed to have vested as of the time of the first delivery to the third person.  (*Hathaway* v. *Payne*, 34 N. Y. 92, 113.)  The evidence in the present case does not go that far and does not show that William L. Allen intended by the manual delivery to Palmer to divest himself of all right to withdraw, revoke or control the instrument and by his words and acts expressly and impliedly showed that such was not his intention. At all times during his lifetime he exercised, claimed and assumed

full ownership, control and possession of the land in question. Under such circumstances there was no complete delivery so as to pass title. (*Saltzsieder* v. *Saltzsieder*, 219 N. Y. 523; *Burnham* v. *Burnham*, 58 Misc. 385; affd., 132 App. Div. 937; affd., 199 N. Y. 592.)

Judgment accordingly.