Marcus G. Christ, J.
Raffaele Manniello died on October 24, 1954. However, on September 9,1954 he made a will containing, among other provisions, a residuary clause in which the plaintiffs were to receive a one-fourth interest in his estate. They are his grandchildren by a son who had died prior to his making the will. They sue by their mother as guardian ad litem and as general guardian to set aside seven deeds executed the same day and at about the same time as the will was made. It is claimed that the deeds were not delivered, that they were obtained by fraud and that the testator, then 72 years of age, was unduly influenced to make them. Without analyzing here the conflicting contentions of the parties, the court finds the material facts to be as hereafter stated.
The decedent executed his will and made the deeds in conformity with a plan which he had long held for the distribution of his estate. His previous walls confirm this.
On September 9, 1954 he executed the deeds to the properties as described in the complaint and he gave them to his son, Anthony, with instructions to deliver them to his children or spouses of his deceased children named as the grantees in the several deeds.
It was his intention to make this transaction irrevocable and irretrievable and this he did. Anthony took the deeds, locked them up and never returned them to the father. Nor is there evidence that the father ever requested them and on the grantor’s death the deeds were delivered by Anthony in accordance with the instructions he received, i.e., to the grantees named in the respective deeds.
*119 The grantor was of sound mind and a free will at the time he made the will and signed the deeds. He acted without duress or undue influence. The will, executed simultaneously with the deeds, has been admitted to probate in Queens County. He was carrying out his plan of years standing, for the disposition of his property.
For some whom he wished to remember, he made provision by will. The plaintiffs are among these so benefited. The grandson, Ralph, received 50 shares of American Telephone & Telegraph Company common stock and two parcels of real estate in trust.
The granddaughter, Angelina, was by the will a beneficiary of a $5,000 trust. These infant plaintiffs also share in the residue of the estate. If the court were to hold that the deeds were void and that the real estate conveyed by them was to go into the residue of the estate, the infant plaintiffs would share beyond anything contemplated by the grandfather and some of his children for whom he long showed a disposition to provide would be deprived of any of his estate. Such a result would be inequitable and a distortion of the decedent’s desires.
The delivery of the deeds was valid and binding. The transaction was open and a full disclosure of all the facts was made at the time of the delivery. No concealment, no overreaching, no mental incapacity and no fraudulent deception has been shown.
The design for disposition of the grantor’s property finds approval in Stonehill v. Hastings (202 N. Y. 115) and Slowey v. Hunt (108 Misc. 222). In these cases irrevocable delivery to a third person of deeds to be delivered after the grantor’s death was held a binding conveyance. In this case the deeds did not constitute a testamentary disposition since the grantor’s right of recall was gone. Deliberately, and by advice of counsel, he put it beyond him. He wanted it this way.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Judgment for the defendants. No costs or disbursements are awarded.
Settle judgment on notice.