MARY HERED, Respondent, v. HELEN S. NEMETHY, Appellant, and C. GORDON LAMUDE, as Executor of JOHN S. HERED, Deceased, Respondent.—

Plaintiff is the widow of the late John S. Hered. They were separated in 1915 and never reunited. No divorce was ever procured by either one against the other. During his last illness and while in the hospital, the decedent handed to his attorney a deed to the subject property naming said defendant Nemethy as the grantee. The deed had been prepared by the attorney and executed by decedent. Two days after decedent's death the deed was recorded in the office of the Register of Queens County, and it was thereafter delivered to the grantee, defendant Nemethy. Plaintiff, as decedent's widow, has brought this action to declare the deed invalid. The trial court rendered judgment for her on the theory that the deed was delivered to the attorney for the grantor, who thus became his agent; and that such agency was revoked by the death of the grantor, rendering the deed null and void. In our opinion, the learned trial court erred in holding that

the agency of the attorney for the grantor was revoked at the time of the grantor's death and, hence, there could be no effective delivery of the deed to the grantee. It was not necessary that delivery of the deed be made to the named grantee in person during the grantor's lifetime in order to constitute a valid delivery essential to convey title. " Such a deed operates as a conveyance in praesenti although the enjoyment is postponed until the grantor's death"; as between the grantor and the third person, it involves no relationship of agency (16 Am. Jur., Deeds, §§ 143, 382; *Saltzsieder* v. *Saltzsieder*, 219 N. Y. 523; *Slowey* v. *Hunt*, 108 Misc. 222; *Stonehill* v. *Hastings*, 202 N. Y. 115; *Dotsis* v. *Manniello*, 17 Misc 2d 118; *Hathaway* v. *Payne*, 34 N. Y. 92). Physical delivery of the deed by the grantor to his attorney, accompanied by directions to deliver it to the grantee on the death of the grantor, and its subsequent delivery after the grantor's death pursuant to such directions, would adequately satisfy the requirements of the statute (Real Property Law, § 244), and, under the authorities cited, would render the deed valid and effective. However, in the instant case, although evidence was offered on the trial to establish the purpose of the delivery to the grantor's attorney, such evidence was excluded by the trial court. It erred in refusing to permit the witness Van Huele to testify with respect to the verbal instructions given by decedent to his attorney and with respect to the statements made by decedent at the time of his execution and delivery of the deed. Upon the new trial all the available competent evidence bearing upon decedent's intentions at the time he executed the deed and delivered it to his attorney should be adduced. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.