Harold J. Crawford, J.
Defendant moves to confirm the report of Honorable Samuel 8. Tripp, Special Referee, dated October 21, 1963, and upon such confirmation to dismiss the complaint on the merits, without costs.
This action was referred to the Special Referee by an order dated October 9,1963 made and entered upon the consent of the *293 attorneys for the respective parties. The furnishing of a transcript and the filing of the exhibits or copies thereof was waived on the record. (CPLR 4320, subd. [b].) After summarizing the evidence adduced at the hearing, the Special Referee made the following findings and recommendations:
“ This is an action to .set aside a deed of conveyance of real property improved by a two-family residence known as 145-18 — 221st Street, Springfield Gardens, New York. On June 24, 1960, the plaintiff married Maria Spagnoli who had worked for him as a housekeeper for about a year. On July 7, 1960, she executed a Bargain and Sale deed with Covenant against Grantor’s Acts (Pltff’s Ex. 2), conveying the subject property to the defendant, one of her two sons by her first marriage. She executed that deed under the name of ‘ Amalia M. Furia ’ in the presence of Oscar A. Blitfield, Esq., the attorney who had previously prepared the deed at her request. He took her acknowledgment and also signed his name as a witness immediately after the deed was executed by the grantor. This deed was not recorded until August 3, 1960. It was in his possession until July 26, 1960, when he instructed a title company to file it as well as a change of ownership card in the tax office.
“In the meantime, on July 24, 1960, the grantor died suddenly and unexpectedly on a pier as she and the plaintiff were about to board a ship bound for Europe. The plaintiff married again on September 22 or 23, 1960. He brought this action on November 29,1961, alleging in pertinent part as follows:
“ ‘ 6 That the said deed dated July 7th, 1960, if delivered, was delivered conditionally to take effect only upon the death of the said maria bianco and as such was intended as a testamentary devise and was not executed in accordance with the provisions of the Decedent Estate Law.’
“The defendant relies on Hered v. Nemethy (15 A D 2d 791) as support for his contention that 4 A deed, after delivery to grantor’s attorney, which deed is recorded after the grantor’s death, is valid ’. The Appellate Division of the Second Department held in that case that the agency of the attorney for the grantor was not revoked upon the grantor’s death; that it was 6 not necessary that delivery of the deed be made to the named grantee in person during the grantor’s lifetime in order to constitute a valid delivery essential to convey title. “ Such a deed operates as a conveyance in preesenti although the enjoyment is postponed until the grantor’s death ” * * *. The court added “ Physical delivery of the deed by the grantor to his attorney, accompanied by directions to deliver it to the grantee on the death of the grantor, and its subsequent delivery after *294 the grantor’s death pursuant to such directions, would adequately satisfy the requirements of the statute (Beal Property Law, § 244), and, under the authorities cited, would render the deed valid and effective. ’ ’ ’
“ The case at bar, however, is not governed by the rule that an executed deed delivered by the grantor to a third person with directions to deliver it to the grantee upon the grantor’s death is not a testamentary disposition (Hathaway v. Payne, 34 N. Y. 92, 112; Dotisis v. Manniello, 17 Misc 2d 118), but a valid transfer of the property even if the grantor retains possession thereof and continues to treat it as his own if, at the time of the delivery of the deed to the third person, the grantor manifests his intention to part forever with all rights to recall, cancel or control the instrument. (Saltzsieder v. Saltzsieder, 219 N. Y. 523; Stonehill v. Hastings, 202 N. Y. 115; Rosseau v. Bleau, 131 N. Y. 177; Slowey v. Hunt, 108 Misc. 222.)
‘1 In the instant case the grantor did not deliver the executed deed to her attorney with directions to deliver it to the grantee after her death. Accordingly, this case is governed by the rule that to transfer title there must be a delivery and acceptance with the intent of making the deed an effective conveyance. (Ten Eyck v. Whitbeck, 156 N. Y. 341, 352.)
1 ‘ I find from all the evidence that the grantor in this case delivered the deed to her attorney immediately after its due execution in her son’s home and in his presence on July 7, I960,with instructions to file it so that the house could be transferred immediately to ‘ Bill ’, the grantee, who accepted the gift stating: 1 Hold it for me, Mr. Blitfield. ’ The latter testified that this meant to him that he was to hold the deed for the grantee after it had been recorded. The plaintiff read in evidence at the hearing the following excerpt from the attorney’s examination before trial:
‘ ‘ ‘ I was aware all along that the deed had to be recorded; but, as I said before, I was looking for the first opportunity when I would be in Queens County to record it. On July 26, there was a closing at my office, at which time some man from the Home Title G-uaranty was present and I asked him whether he would record it for me and he said he would. I gave him the deed, plus $6.50, and he gave me a receipt. ’
“ It has been held that no particular ceremony is necessary to effect the delivery of a deed but ‘ there must be a manifest intention of the grantor to make such a delivery coupled with a complete surrender and parting with the control of the deed by the grantor, and it must pass under the dominion of the grantee or some person in his behalf.’ (Safford v. Burke, 130 Misc. 12, *295 14.) The grantee’s presence when the deed is executed is not necessary for the effective delivery thereof. 8 But it is necessary that it should be placed within the power of some other person for the grantee’s use, or that the grantor shall unequivocally indicate it to be his intention that the instrument shall take effect as a conveyance of the property, in order to have it produce that result, ’ (Fisher v. Hall, 41 N. Y. 416, 421.)
“ Taking the facts and circumstances attending the execution and delivery of the deed by the grantor and its subsequent recording as aforesaid in light of the circumstances under which the attorney was told by the grantor at a meeting in the defendant’s home in April 1960 that she desired to transfer the property to her son, at which time the attorney was given the old deed together with the original bond and mortgage to one Dellapina as mortgagee, I find a sufficient acknowledgment by the grantor of her intention to be immediately and unconditionally bound by the provisions of the deed she executed on July 7, 1960 and then and there delivered to her attorney as already described.
“ From the date of its execution and delivery the deed was out of the possession and control of the grantor who, upon all the evidence adduced, intended to divest herself of her right ‘ to withdraw, revoke or control the instrument as completely as though # * # [she] were delivering it to the person named as grantee, and by words or act expressly or impliedly acknowledged * * * [her] intention. ’ (Saltzsieder v. Saltzsieder, supra, 219 N. Y. 523, 530.)
“ I also find that the failure of the defendant or his attorney to notify the Tax Department, the tenant and the fire insurance broker of the change of ownership does not constitute sufficient proof that the transfer of the property to the grantor’s son was colorable or illusory. The defendant had managed the property from the time in 1945 that he converted it from a one to a two family house and the tenant always thought that he was the owner. The applicable rule was aptly summarized by the late Surrogate Rubenstein in Matter of Kilgallen (204 Misc. 558, 561):
“ ‘ The expectant rights of a surviving spouse to share in a decedent’s estate may be cut off by a valid gift. A purpose to defeat such a right by decedent’s divestiture of all her property is not deemed a fraud invalidating the transfer as long as the transfers are absolute.’
“Upon the evidence as I find it to be, the transfer of the property to the defendant was absolute in nature and without any reservation of rights in the grantor.
*296 “ Accordingly, I recommend the dismissal of the complaint on the merits hut without costs and the denial of the plaintiff’s motion for judgment as prayed for in the complaint. ’ ’
Upon the evidence adduced this court agrees with the foregoing views and finds that they are fully supported by the record. Accordingly, defendant’s motion to confirm the report is granted and his motion to dismiss the complaint on the merits is granted, without costs. Submit judgment.