## COVENTRY v. McCREERY et al.

(Supreme Court, Appellate Division, First Department.   April 7, 1911.)

1. TRUSTS (§ 44*)—DELIVERY OF DEED—EVIDENCE—WEIGHT.
   Evidence *held* to show that a deed creating a trust was not delivered.
   [Ed. Note.—For other cases, see Trusts, Dec. Dig. § 44.*]

2. DEEDS (§ 54*)—DELIVERY—NECESSITY.
   Undelivered deeds are inoperative.
   [Ed. Note.—For other cases, see Deeds, Cent. Dig. § 116; Dec. Dig. § 54.*]

3. DEEDS (§ 56*)—DELIVERY—INTENTION.
   Delivery of a deed depends upon the parties' intent.
   [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 117–125; Dec. Dig. § 56.*]

4. APPEAL AND ERROR (§ 1177*)—REVERSAL—NEW TRIAL—NECESSITY.
   On reversal of a judgment dismissing the complaint, a new trial must be ordered before another referee, where it does not appear that the facts entitling plaintiff to recover are so incontrovertibly established that they could not be changed.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4620; Dec. Dig. § 1177.*]

Appeal from Judgment on Report of Referee.

Action by .Edith Coventry against Henry Thomas Coventry and others. From the judgment, plaintiff and defendant Coventry appeal. Reversed, and new trial awarded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

John M. Bowers, for appellant Edith Coventry.
John L. Wilkie, for appellant H. T. Coventry.
Manfred W. Ehrich, for respondent Gerard.
Paul L. Kiernan, special guardian, for respondent McCreery.

McLAUGHLIN, J.   [1] Some time prior to October 17, 1907, the plaintiff in this action contemplated marriage with the defendant Coventry.   Prior to such marriage she consulted counsel, with the view of placing certain of her property, both real and personal, in trust, as the result of which a deed of trust was, on the date named, signed and acknowledged by her, as party of the first part, and by the defendants Norrie, Iselin, and Gerard, as parties of the second part, by the terms of which certain real and personal property purported to be conveyed and transferred to the parties of the second part in trust for the plaintiff for life, with a power of appointment by will, with remainder to her issue, and heirs at law in case she left no issue, upon her failure to exercise the power of appointment.   The deed, however, was not intended by her or the trustees named therein to be delivered until after she had obtained the written approval of her husband.

Pending the marriage and the obtaining of such approval, the deed was left in the possession of Mr. John M. Bowers, her personal counsel, who was the senior member of the firm of Bowers & Sands.   The marriage took place as contemplated, but the husband did not approve of the deed, and his written consent was not obtained, whereupon she sought to have the deed destroyed.   One of the trustees named therein—Mr. Gerard—would not consent thereto, insisting that in law it had been delivered and was effective, and that she could not have the same canceled.   She then brought this action for the purpose of procuring a judgment to the effect that the deed be declared void and of no effect.   Two of the trustees did not appear or answer in the action.   The objecting trustee interposed an answer, and, while not raising any issue as to the facts, denied the conclusion to be drawn therefrom to the effect that the deed had never become operative.   The guardian ad litem of the infant children of the plaintiff interposed the usual guardian's answer.

There was no dispute at the trial as to the execution of the deed; that it was left with plaintiff's personal counsel, not to be delivered until the marriage had taken place and the written approval of the husband obtained; that such approval was not obtained and for that reason plaintiff sought to have the deed canceled and destroyed; and that the trustees never took possession of either the real or personal property mentioned therein, or exercised any control over the same. These facts were established by the testimony of the plaintiff and her husband, corroborated by two of the trustees, Norrie and Iselin, and by the witnesses John M. and William C. Bowers, Lewis Iselin, and Wheelock.

Notwithstanding the foregoing facts were uncontradicted, the referee found as a fact that the deed was duly executed, acknowledged, and delivered, and, as conclusion of law, that it "has been ever since the delivery thereof and still is in full force and effect," and he there—

upon dismissed the complaint upon the merits. Judgment was entered upon the report, from which this appeal is taken.

There is not only no evidence in the record to sustain the finding that the deed was ever delivered, but such finding is contrary to the uncontradicted evidence. This finding is apparently based upon a letter written by the plaintiff to her personal counsel, Mr. Bowers, to the effect that her husband did not approve of the deed, and for that reason she desired "to cancel the existing trust," and the answer thereto, which was written in the name of Bowers & Sands, by Mr. Middlebrook, approved by Mr. Gerard, to the effect that the deed could not be canceled or altered. [2] A deed does not become operative until there has been a delivery. This is so elementary the citation of authorities is unnecessary. [3] Whether facts which are alleged to constitute a delivery have that effect depends upon the intention of the parties. Fisher v. Hall, 41 N. Y. 416; McIlhargy v. Chambers, 117 N. Y. 532, 23 N. E. 561; Ten Eyck v. Whitbeck, 156 N. Y. 341, 50 N. E. 963; Sarasohn v. Kamaiky, 193 N. Y. 203, 86 N. E. 20.

Here the evidence establishes beyond question that it was the intention of the plaintiff that the deed should never be delivered or become operative as a valid instrument until her husband had signified, in writing, his approval thereof. At no time was there any intention on her part to make a present delivery, or on the part of the trustees to make a present acceptance. This all of the parties thoroughly understood. It was not a conditional delivery, but instead a case where no delivery whatever was made, or, as said in Hamlin v. Hamlin, 192 N. Y. 164, 84 N. E. 805—

"a case where the deeds were not to pass out of the possession of the grantor until certain conditions were fulfilled."

That this was the plaintiff's intention, and so understood by all of the trustees, is established by uncontradicted evidence. The plaintiff testified, positively, that it was not her intention to deliver the deed until her husband's approval had been obtained. She is corroborated by the positive testimony of Mr. Bowers, Mr. William C. Bowers, the notary who took the acknowledgments, Mr. Norrie and Mr. Iselin, two of the trustees, and inferentially at least by the answer of Mr. Gerard, the third one. She is not only corroborated by these witnesses, but also by the acts of the parties with respect to the deed itself, and the property therein described. The deed was left in the possession of her personal counsel, and has there since remained. Not one of the trustees has ever taken possession of any of the property or assumed to exercise any control over it.

In attempting to apply legal principles, curious and apparently absurd results are sometimes reached; but, so far as I know, no decision is quite as curious or absurd as the judgment in this case upon the foregoing facts, by which the deed in question was held to have been delivered against the express intention of the plaintiff, and that she was powerless to cancel or destroy it, because, in a letter to her personal counsel, she referred to such instrument as "the existing trust," and a lawyer had expressed an opinion that it could not be recalled.

[4] If these views be correct, then the judgment must be reversed, and if it were conceded that the facts could not be changed, or were so incontrovertibly established that they could not be changed upon a new trial, we would direct judgment in favor of the plaintiff for the relief asked. This, however, does not appear, and for that reason a new trial must be ordered before another referee, with costs to the appellants, against the respondent Gerard, to abide the event. Duclos v. Kelly, 197 N. Y. 76, 89 N. E. 875. All concur.

<hr>

### In re KUCIELSKI'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

TAXATION (§ 876*)—TRANSFER TAX—SUBJECTS.

   A legacy to Cooper Union, by a testator who died November 21, 1901, is subject to a transfer tax, though Laws 1859, c. 279, § 11, exempted from taxation property of and endowments to the Union.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 876.*]

Appeal from Order of Surrogate, New York County.