JOSEPH M. RADECKI et al., Respondents, v. GERTRUDE RADECKI, Appellant.— Memorandum: The question here presented is whether or not the decedent when he executed the deed and delivered it to his attorney intended " to divest himself of his right to withdraw, revoke or control the instrument as completely as though he were delivering it " to the grantees. " Whether or not the intention existed and was expressed is a question of fact solvable by a consideration of the other facts. While the question as to whether there was a delivery of the instrument, in the legal sense, under a state of facts, is a question of law, it is a question of fact whether the facts, which the law requires to constitute the delivery, exist and are proven." (*Saltzsieder* v. *Saltzsieder*, 219 N. Y. 523, 530.) If the decedent intended to divest himself of ownership when he executed and delivered the deed any intent which he may have had to deprive the widow of some part of her distributive share under the Decedent Estate Law will not defeat the

conveyance. (*Krause* v. *Krause*, 285 N. Y. 27.) The trial court has found that the deed was delivered unconditionally "without the right to withdraw, cancel or control the instrument" or to "control the title" and that the "transaction was not illusory." We think the evidence supports the findings of the court. All concur. (Appeal from a judgment for respondents in an action to recover possession of realty.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.