OPINION OF THE COURT
Joseph M. Sise, J.
*758 While a resident at defendant Amsterdam Memorial Hospital Skilled Nursing Facility (hereinafter defendant), a nursing home located in the City of Amsterdam, Montgomery County, plaintiff sustained personal injuries in a fall that occurred on September 22, 2003. Thereafter, her attorney legitimately obtained several documents; namely, an “Occurrence Capture Worksheet,” dated September 22, 2003; a “Resident Version of Accident,” dated September 22, 2003; a “Statement of Deficiencies,” dated June 5, 2003, and another dated June 27, 2002. Claiming that the “Occurrence Capture Worksheet” and the Statements of Deficiencies are privileged documents, defendants have moved for a protective order precluding plaintiff from using these documents or the information contained therein. In response, plaintiff has agreed not to use the Statements of Deficiencies, which leaves the “Occurrence Capture Worksheet” as the only document in issue given defendants’ concession that the “Resident Version of Accident” is not a privileged document.*
Pursuant to the federal Nursing Home Reform Act (hereinafter NHRA) (42 USC § 1396r), nursing homes must care for their residents in such a manner and environment as will maintain and promote their quality of life (42 USC § 1396r [b] [1] [A]). To insure compliance with this mandate, nursing homes must maintain a quality assessment and assurance committee which, inter alia, develops and implements appropriate plans of action to correct identified quality deficiencies (42 USC § 1396r [b] [1] [B]). The statute further provides that a state may not require disclosure of the records of such committee (id.). As analyzed by the Court of Appeals, this statute, which is narrowly construed, shields reports generated by or at the behest of a quality assurance committee for quality assurance purposes, but not those documents nursing homes are required by federal or state regulations to maintain even though they have been reviewed by a quality assurance committee (see, Matter of Subpoena Duces Tecum to Doe, 99 NY2d 434, 440-441 [2003]). Additionally, a nursing home cannot shield an otherwise unprotected document from discovery merely by assigning the duty of compilation to a quality assurance committee as apparently was done here (id. at 440).
With these principles in mind, the court will now examine if defendants have satisfied their burden of showing that the “Oc *759 currence Capture Worksheet” is privileged (see, Marte v Brooklyn Hosp. Ctr, 9 AD3d 41, 46 [2004]). It is a two-page document setting forth defendants’ summary and analysis of the accident. The director of quality management at defendant Amsterdam Memorial Hospital avers that this document is part of the defendants’ internal quality assurance program. Defendants further point out that Education Law § 6527 (3) provides in relevant part that an incident report required by the Department of Health pursuant to Public Health-Law § 2805-Z is not subject to disclosure. This argument is misplaced because Public Health Law § 2805-Z only applies to a general hospital, a classification that does not include a nursing home (Public Health Law § 2801 [10]; § 2805-Z [1]).
Plaintiff’s expert maintains that the document was not completed solely for quality assurance purposes, but was required by 10 NYCRR 415.30 (f). That regulation requires nursing homes to maintain “an accident and incident record which shall include a clear description of every accident . . . , the resident’s version of the accident . . . , names of individuals involved and a description of medical and other services provided . . . and the steps taken to prevent recurrence, with a copy of the resident’s version . . . given to the resident.” The Court of Appeals has noted that this requirement is imposed on nursing homes generally and has no express relationship to quality assurance procedures (see, Matter of Subpoena Duces Tecum to Doe, supra at 440). Accordingly, since the document at issue mirrors the requirements of 10 NYCRR 415.30 (f) and as defendants have not produced or claimed to have produced another document pursuant to that regulation, defendants’ motion is denied as the court finds they did not satisfy their burden.
Turning to plaintiffs cross motion, during her pretrial examination of Barbara Noordenbos, defendant’s director of nursing in 2003, defendants’ attorney frequently objected to questions predicated on the provisions of NHRA, maintaining they were not relevant to this lawsuit. Her objections were not well taken since plaintiff may pursue a private right of action pursuant to Public Health Law § 2801-d for alleged violations of her rights or benefits created by federal or state statute, code, rule or regulation (see, Fleming v Barnwell Nursing Home & Health Facilities, 309 AD2d 1132 [2003]); therefore, since plaintiffs inquiries sought relevant material, her cross motion is granted and defendants’ is denied.

 Inasmuch as another Statement of Deficiencies plaintiff has requested from the Department of Health is not in the record, the court declines defendants’ invitation to address its status in this motion.