Nationstar Mtge., LLC v Goodman (2020 NY Slip Op 05631)





Nationstar Mtge., LLC v Goodman


2020 NY Slip Op 05631


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


485 CA 19-01410

[*1]NATIONSTAR MORTGAGE, LLC, PLAINTIFF-RESPONDENT,
v
MARIE L. GOODMAN, ET AL., DEFENDANTS. GREGORY GOODMAN, INTERVENOR-APPELLANT. 






MUSCATO DIMILLO & VONA, LLP, LOCKPORT (BRIAN J. HUTCHISON OF COUNSEL), FOR INTERVENOR-APPELLANT.
GOLDBERG SEGALLA LLP, BUFFALO (MARC W. BROWN OF COUNSEL), AND PINCUS LAW GROUP, PLLC, UNIONDALE, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 24, 2018 in a foreclosure action. The order, among other things, granted plaintiff's motion for leave to reargue and renew its opposition to a prior motion of Gregory Goodman, and, upon reargument and renewal, rescinded Gregory Goodman's intervenor status, struck his answer and ordered that his claimed life estate in the subject premises is invalid and void. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to foreclose on a reverse mortgage. Gregory Goodman, who alleged that he had a life estate in the subject property, moved for, inter alia, permission to intervene, which was granted by Supreme Court. Plaintiff thereafter moved for leave to reargue and renew its opposition to Goodman's motion. The court granted the motion and, upon reargument and renewal, rescinded, inter alia, Goodman's intervenor status, struck Goodman's answer with counterclaim, and ordered that Goodman's claimed life estate in the property was invalid and void. Goodman now appeals, and we affirm.
Contrary to Goodman's contention, the court did not abuse its discretion in granting plaintiff's motion seeking leave to reargue and renew (see Smith v Cassidy, 93 AD3d 1306, 1307 [4th Dept 2012]). With respect to that part of the motion seeking leave to renew, plaintiff submitted new facts—i.e., the affidavit of an attorney with the local county attorney's office, who explained the confusion that would result in title searches in the county clerk's office because of the irregularities in the deed at issue—and showed that those new facts would change the prior determination (see CPLR 2221 [e] [2]). Additionally, the court properly granted that part of the motion seeking leave to reargue on the ground that it had mistakenly arrived at its earlier decision (see Davis v Firman, 53 AD3d 1101, 1102 [4th Dept 2008]; see also CPLR 2221 [d] [2]; South Towns Surgical Assoc., P.C. v Steinig, 165 AD3d 1630, 1631 [4th Dept 2018]). Moreover, and in any event, we agree with plaintiff that the court "retain[ed] continuing jurisdiction to reconsider its prior interlocutory order[] during the pendency of the action" (Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; see Carrington Mtge. Servs., LLC v Sudano, 173 AD3d 1814, 1815 [4th Dept 2019]). Thus, even if plaintiff failed to present a reasonable justification for not presenting the new facts in opposition to Goodman's prior motion (see CPLR 2221 [e] [3]) and failed to raise an issue that was allegedly overlooked or misapprehended by the court (see CPLR 2221 [d] [2]), the court had the authority to sua sponte vacate its prior interlocutory order and issue a new order upon reconsideration. That discretion was properly exercised here (see Kleinser v Astarita, 61 AD3d 597, 598 [1st Dept 2009]).
Contrary to Goodman's further contention, the court properly in effect denied his motion seeking permission to intervene on the ground that Goodman has no interest in the property. The deed at issue showed that the grantors conveyed the property to the grantee, the Marie L. Goodman Trust (trust). The deed then stated that "GRANTEE hereby grants life use of the premises herein conveyed to Marie L. Goodman Trust to Marie L. Goodman, individually, and Greg Goodman during their natural lifetime." The trustee of the trust signed the deed on March 14, 2003, but the grantors did not sign the deed until six days later, on March 20, 2003. Thus, at the time the trust purported to grant the life estates, the trust did not have title to the property and could not convey any interest in it. "[A] grantor cannot convey what the grantor does not own," and "a deed from an entity that does not possess title or other conveyable interest is inoperative as a conveyance" (Gilliland v Acquafredda Enters., LLC, 92 AD3d 19, 25 [1st Dept 2011]).
We reject Goodman's contention that the deed was not delivered by the trust until March 20, 2003. Real Property Law § 244 provides that "[a] grant takes effect, so as to vest the estate or interest intended to be conveyed only from its delivery; and all the rules of law, now in force, in respect to the delivery of deeds, apply to grants hereafter executed." There is a presumption that a deed was delivered and accepted as of its date, although that presumption "must yield to opposing evidence" (Ten Eyck v Whitbeck, 156 NY 341, 352 [1898]; see Manhattan Life Ins. Co. v Continental Ins. Cos., 33 NY2d 370, 372 [1974]; Lennar Northeast Partners Ltd. Partnership v Gifaldi, 258 AD2d 240, 242-243 [4th Dept 1999], lv denied 94 NY2d 754 [1999]). Here, the court properly determined that the testimony at the fact-finding hearing did not rebut the presumption that the deed was delivered by the trust on March 14, the day it was signed by the trustee. After the trustee signed the deed, she mailed it back to the attorney who had prepared the deed; that attorney had been hired by Goodman but was, the court found, acting as the attorney for all the parties. Regardless of who the attorney was representing in the transaction, nothing was done or said by the trustee that would indicate that there was no delivery of the deed at the time she sent it to the attorney (see Crossland Sav. v Patton, 182 AD2d 496, 496 [1st Dept 1992], lv denied 80 NY2d 755 [1992]; Radecki v Radecki, 279 App Div 1137, 1137-1138 [4th Dept 1952]; cf. Manhattan Life Ins. Co., 33 NY2d at 372; see generally National Bank of Sussex County v Betar, 207 AD2d 610, 611-612 [3d Dept 1994]). There were no instructions given to the attorney to hold the deed in escrow (see Lennar Northeast Partners Ltd. Partnership, 258 AD2d at 243; cf. Brackett v Barney, 28 NY 333, 341 [1863]). A delivery of a deed cannot be made to the grantee conditionally (see Hamlin v Hamlin, 192 NY 164, 168 [1908]; Blewitt v Boorum, 142 NY 357, 363 [1894]; TDNI Props., LLC v Saratoga Glen Bldrs., LLC, 80 AD3d 852, 854-855 [3d Dept 2011]), and this is not a case where the deed was not to pass out of the possession of the trust until certain conditions were fulfilled (see Hamlin, 192 NY at 169; cf. Coventry v McCreery, 144 App Div 68, 70 [1st Dept 1911]).
As an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), plaintiff contends that the life estate is void because there cannot be more than one conveyance of property in a single deed. In light of our determination, we do not consider that contention.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court