Centerline/Fleet Hous. Partnership, L.P. v Hopkins Ct. Apts., L.L.C. (2021 NY Slip Op 03677)





Centerline/Fleet Hous. Partnership, L.P. v Hopkins Ct. Apts., L.L.C.


2021 NY Slip Op 03677


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


57 CA 20-00299

[*1]CENTERLINE/FLEET HOUSING PARTNERSHIP, L.P. - SERIES B, A DELAWARE LIMITED PARTNERSHIP, AND RCHP SLP II, L.P., A DELAWARE LIMITED PARTNERSHIP, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF HOPKINS COURT ASSOCIATES, L.P., A NEW YORK LIMITED PARTNERSHIP, PLAINTIFFS-APPELLANTS,
v
HOPKINS COURT APARTMENTS, L.L.C., A DELAWARE LIMITED LIABILITY COMPANY, WHITNEY CAPITAL COMPANY, L.L.C., A DELAWARE LIMITED LIABILITY COMPANY, WHITNEY HOPKINS ASSOCIATES, A NEW YORK GENERAL PARTNERSHIP, CRS PROPERTIES, INC., A NEW YORK CORPORATION, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 






KING & SPALDING LLP, LOS ANGELES, CALIFORNIA (ERIC S. PETTIT, OF THE CALIFORNIA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND BOND, SCHOENECK & KING, PLLC, BUFFALO, FOR PLAINTIFFS-APPELLANTS. 
WINTHROP & WEINSTINE, P.A., MINNEAPOLIS, MINNESOTA (DAVID A. DAVENPORT, OF THE MINNESOTA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND WOODS OVIATT GILMAN LLP, BUFFALO, FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered January 8, 2020. The judgment, insofar as appealed from, determined that section 9.2 (B) of the parties' partnership agreement determines the price of a purchase option. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs, as limited partners, and defendant Hopkins Court Apartments, L.L.C. (HCA), as general partner, are members of a partnership formed for the purpose of constructing and operating an affordable housing complex for senior citizens (project). In 2016, HCA, acting pursuant to section 4.3 (E) of the partnership agreement, refinanced the project without plaintiffs' consent. Plaintiffs thereafter commenced this action asserting, inter alia, breach of contract and breach of fiduciary duty causes of action. HCA and three of its affiliates, Whitney Capital Company, L.L.C., Whitney Hopkins Associates, and CRS Properties, Inc. (collectively, defendants) answered and asserted a counterclaim, wherein defendants alleged that HCA exercised a purchase option under the partnership agreement by electing to redeem plaintiffs' ownership interest in the partnership. Defendants therefore sought, inter alia, a declaration that section 9.2 (B) of the partnership agreement controlled the calculation of the purchase option price. Defendants moved for summary judgment seeking dismissal of the complaint and certain declaratory relief sought in the counterclaim (prior motion), which Supreme Court denied. Following a previous appeal in which this Court affirmed the order denying the prior motion (Centerline/Fleet Hous. Partnership, L.P.—Series B v Hopkins Ct. Apts., LLC, 176 AD3d 1596, 1596 [4th Dept 2019]), defendants moved for, inter alia, leave to reargue the prior motion insofar as it sought a declaration that section 9.2 (B) controls on the ground that the court neglected to address that part of the prior motion. Plaintiffs appeal from a [*2]judgment that, inter alia, granted that part of defendants' motion seeking leave to reargue and, upon reargument, granted in part defendants' prior motion by effectively declaring that the partnership agreement unambiguously requires that section 9.2 (B), not section 12.4, applies to determine the option price. We affirm.
Preliminarily, we note that the court properly granted that part of defendants' motion seeking leave to reargue inasmuch as a court
" 'retain[s] continuing jurisdiction to reconsider its prior interlocutory order[ ] during the pendency of the action' " (Nationstar Mtge., LLC v Goodman, 187 AD3d 1635, 1636 [4th Dept 2020]; see Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; Carrington Mtge. Servs., LLC v Sudano, 173 AD3d 1814, 1815 [4th Dept 2019]). Here, the court acknowledged that it had inadvertently failed to address the subject portion of defendants' prior motion.
As in the prior appeal, we are once again faced with a question of contract interpretation. "It is well settled that [t]he interpretation of an unambiguous contractual provision is a function for the court . . . , and [t]he proper inquiry in determining whether a contract is ambiguous is whether the agreement on its face is reasonably susceptible of more than one interpretation . . . To be entitled to summary judgment, the moving party has the burden of establishing that its construction of the [contract] is the only construction [that] can fairly be placed thereon" (Centerline/Fleet Hous. Partnership, L.P.—Series B, 176 AD3d at 1597 [internal quotation marks omitted]).
Here, as noted, in exercising its purchase option, HCA elected to redeem plaintiffs' limited partnership interest. It is undisputed that, by exercising the purchase option, the price HCA would pay plaintiffs for their interest is equal to the amount plaintiffs would receive if the project was sold at fair market value (hypothetical sale). We agree with defendants that section 9.2 of the partnership agreement applies to the sale proceeds of the project regardless of whether they are the result of a direct purchase by HCA or a hypothetical sale price calculation for redemption purchases. We further agree with defendants that any dissolution, governed by section 12, must occur after distribution of the sale proceeds under section 9.2 (B). The partnership agreement defines a "Sale or Refinancing Transaction" to include, inter alia, a sale of the project, and section 9.2 (B) sets forth the process for distributing the proceeds of such a transaction. The fact that section 9.2 (B) is made expressly "[s]ubject to the provisions of" section 12.4 simply means that the project could be sold during the dissolution process and provides in that event for the distribution of the proceeds pursuant to section 12.4 (A). Section 12.1 of the partnership agreement does provide that the partnership "shall be dissolved upon the happening of," inter alia, the sale of the project. But, in that event, the dissolution does not occur until after the sale. The fact that a sale of the project triggers a dissolution, and thereafter a liquidation, does not mean that the sale and its proceeds are automatically included in the subsequent liquidation.
We further conclude that plaintiffs' interpretation of the partnership agreement—that any sale of the project results in an immediate dissolution of the partnership that would, in effect, predate the sale and require section 12.4 (A) to control the distribution of its proceeds—would impermissibly operate to render portions of the partnership agreement meaningless (see generally Burgdorf v Kasper, 83 AD3d 1553, 1555 [4th Dept 2011]; Diamond Castle Partners IV PRC, L.P. v IAC/InterActiveCorp, 82 AD3d 421, 422 [1st Dept 2011]).
In view of the foregoing, we conclude that defendants established that the only reasonable interpretation of the partnership agreement is that section 9.2 (B) applies under these circumstances (see DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 120 AD3d 905, 906 [4th Dept 2014]; Nancy Rose Stormer, P.C. v County of Oneida, 66 AD3d 1449, 1450 [4th Dept 2009]; see also CED Capital Holdings 2000 EB, L.L.C. v CTCW-Berkshire Club, LLC, 2020 WL 1856259, *4 [Fla Cir Ct, Apr. 8, 2020, No. 2018-CA-013886-O], affd 306 So 3d 103 [Fla Dist Ct App 2020]), and thus the court properly granted the prior motion insofar as it sought a declaration to that effect. We have reviewed plaintiffs' remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court