Matter of James v VDRNC, LLC (2023 NY Slip Op 03115)

Matter of James v VDRNC, LLC

2023 NY Slip Op 03115

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

235 CA 22-01270

[*1]IN THE MATTER OF LETITIA JAMES, ATTORNEY GENERAL OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
VDRNC, LLC, DOING BUSINESS AS VAN DUYN CENTER FOR REHABILITATION AND NURSING, RESPONDENT-APPELLANT, AND DESG SOFTWARE, LLC, DOING BUSINESS AS E & I SOFTWARE INC., RESPONDENT. 

O'CONNELL & ARONOWITZ, ALBANY (FRANCIS J. SMITH OF COUNSEL), FOR RESPONDENT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, NEW YORK CITY (MARGARET CIEPRISZ OF COUNSEL), FOR PETITIONER-RESPONDENT.
MANDELBAUM BARRETT PC, NEW YORK CITY (ANDREW GIMIGLIANO OF COUNSEL), FOR RESPONDENT.
HODGSON RUSS LLP, ALBANY (JANE BELLO BURKE OF COUNSEL), FOR NEW YORK STATE HEALTH FACILITIES ASSOCIATION, INC., AMICUS CURIAE. 

 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered August 3, 2022. The order granted the motion of petitioner seeking leave to reargue and, upon reargument, directed respondents to disclose certain documents. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In the course of investigating alleged instances of neglect and abuse at a skilled nursing facility operated by respondent VDRNC, LLC, doing business as Van Duyn Center for Rehabilitation and Nursing (Van Duyn), petitioner's Medicaid Fraud Control Unit subpoenaed records from respondents, including Medication Administration Records (MARs) and Treatment Administration Records (TARs). MARs and TARs, respectively, document the administration of medications and treatments provided to residents of the facility. Additionally, petitioner sought metadata showing, among other things, the time that MARs and TARs were entered into Van Duyn's computer system.
Respondents failed to fully comply with the subpoenas, and petitioner moved to compel. Van Duyn cross-moved for a protective order, contending that the time-of-entry metadata was privileged pursuant to the quality assurance privilege in the Federal Nursing Home Reform Act (see 42 USC §§ 1395i-3 [b] [1] [B]; 1396r [b] [1] [B]). Van Duyn did not contend that the MARs and TARs themselves were privileged.
Supreme Court entered an order in which it determined that the MARs and TARs were subject to the quality assurance privilege. Petitioner then moved for leave to reargue or renew its motion to compel. The court granted the motion insofar as it sought leave to reargue and, upon reargument, determined that the MARs and TARs were not privileged and that the time-of-entry metadata also was not privileged. Van Duyn now appeals.
Contrary to Van Duyn's contention, the court properly granted petitioner's motion to the extent that it sought leave to reargue. Pursuant to CPLR 2221 (d) (2), a motion for leave to reargue shall be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining [a] prior motion." As noted above, the dispute between the parties concerns the applicability of the quality assurance privilege to the time-of-entry metadata. In its initial order, however, the court never reached that issue because it concluded that the MARs and TARs themselves were privileged, which was not an argument raised by Van Duyn. Van Duyn correctly concedes that the court's conclusion was erroneous and afforded it relief that it did not seek. Under these circumstances, we conclude that the court properly granted petitioner leave to reargue (see Dentico v Turner Constr. Co., 207 AD3d 1036, 1037 [4th Dept 2022]; Timpano v New York Cent. Mut. Fire Ins. Co., 206 AD3d 1675, 1676 [4th Dept 2022]; see also Centerline/Fleet Hous. Partnership, L.P.—Series B v Hopkins Ct. Apts., L.L.C., 195 AD3d 1375, 1376 [4th Dept 2021], lv dismissed 37 NY3d 1227 [2022]).
Contrary to Van Duyn's additional contention, we conclude that, upon reargument, the court properly granted petitioner's motion to compel and concluded that the time-of-entry metadata was not subject to the quality assurance privilege. In opposing petitioner's motion to compel and in support of its own cross-motion for a protective order, Van Duyn failed to establish that the time-of-entry metadata was "generated by or at the behest of [its] quality assurance committee for quality assurance purposes" (Matter of Subpoena Duces Tecum to Jane Doe, 99 NY2d 434, 441 [2003]; see Sanchez v Kateri Residence, 79 AD3d 492, 492 [1st Dept 2010]; Clement v Kateri Residence, 60 AD3d 527, 527 [1st Dept 2009]; Spakoski v Amsterdam Mem. Hosp. Skilled Nursing Facility, 6 Misc 3d 757, 758 [Sup Ct, Montgomery County 2005]). In light of our conclusion, we need not address Van Duyn's remaining contentions.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court